## PEOPLE v WILLIAMS

Docket No. 101392. Submitted June 21, 1988, at Grand Rapids. Decided September 12, 1988.

Tyrone Williams was convicted of assaulting an employee of a place of confinement and of being an inmate in possession of a weapon following a jury trial in Marquette Circuit Court, Raymond L. Jason, J. After a second trial before the same jury, defendant was convicted of being an habitual offender, fourth offense. He was sentenced to two concurrent terms of 6½ to 15 years imprisonment, to be served consecutively to his current sentences for first-degree murder and armed robbery. Defendant appealed.

The Court of Appeals *held:*

1. The fact that defendant's legs were shackled during trial did not deny defendant a fair trial.

2. The trial court did not abuse its discretion in ruling that a new jury would not be impaneled for defendant's trial on the supplemental information charging him as an habitual offender.

3. Defendant's failure to object at trial to alleged instances of prosecutorial misconduct precludes appellate review of the issue. No miscarriage of justice will result from failure to consider this issue.

4. Defendant's contention that the trial court failed to properly instruct the jury concerning direct and circumstantial evidence is not subject to review because defense counsel failed to object to the instructions at trial and because no miscarriage of justice arises by failure to address the issue on appeal.

5. There was sufficient evidence to support both of defendant's convictions.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 624-627.

Am Jur 2d, Criminal Law §§ 844 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 17 *et seq.*

Propriety and prejudicial effect of gagging, shackling, or otherwise physically restraining accused during course of state criminal trial. 90 ALR3d 17.

1. CRIMINAL LAW — TRIAL — SHACKLING OF PRISONERS.

Freedom from shackling is an important component of a fair trial, but shackling may be permitted to prevent the escape of the prisoner or to prevent him from injuring bystanders and officers of the court or to maintain a quiet and peaceable trial.

2. APPEAL — TRIAL — SHACKLING OF PRISONERS.

The Court of Appeals reviews a trial court's decision to keep a defendant restrained during trial for an abuse of discretion under the totality of the circumstances.

3. CRIMINAL LAW — HABITUAL OFFENDERS — NEW JURY.

A defendant has no absolute right to a new jury when tried as an habitual offender; generally, a new jury is necessary only where the jury deciding the habitual offender charge should be prevented from knowing the details of the crime of which the defendant has just been convicted or when the cost and inconvenience of impaneling a new jury is outweighed by the possibility of prejudice to the defendant in having the issue submitted to the same jury which convicted him of the current principal charge.

4. CRIMINAL LAW — HABITUAL OFFENDERS — JURY INSTRUCTIONS.

The use of cautionary instructions to the jury when it is deciding supplemental charges against a defendant who has just been convicted of underlying offenses advising the jury to disregard anything heard in the primary trial is recommended to avoid any possible prejudice.

5. APPEAL — PROSECUTORIAL MISCONDUCT — PRESERVING QUESTION.

The absence of objection during trial precludes appellate review of allegedly prejudicial prosecutorial misconduct unless the alleged misconduct was so prejudicial that its effect could not be cured by a cautionary instruction and failure to consider the issue would result in a miscarriage of justice.

6. CRIMINAL LAW — JURY INSTRUCTIONS — PRESERVING QUESTION.

In the absence of an objection, alleged errors in jury instructions are deemed waived unless a miscarriage of justice would result.

7. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE.

An allegation of insufficient evidence is reviewed by looking at all the evidence in the light most favorable to the prosecution and then deciding if a reasonable trier of fact could conclude that all required elements of the crime were proven beyond a reasonable doubt; circumstantial evidence and reasonable infer-

ences arising from that evidence may constitute sufficient proof of the elements of the offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Matthew J. Wiese,* Assistant Prosecuting Attorney, for the people.

*James R. Rinck,* for defendant on appeal.

Before: MacKenzie, P.J., and Beasley and M. Harrison,* JJ.

Per Curiam. Following a jury trial, defendant was convicted of assaulting an employee of a place of confinement, MCL 750.197c; MSA 28.394(3), and of being an inmate in possession of a weapon, MCL 800.283(4); MSA 28.1623(4). After a second trial before the same jury, defendant was convicted as a fourth felony habitual offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to two concurrent terms of 6½ to 15 years imprisonment, to be served consecutively to his present sentences for first-degree murder and armed robbery. Defendant appeals as of right. We affirm.

Defendant's first claim on appeal is that the trial court's decision to have defendant's legs shackled during trial denied him a fair trial. As defendant notes, freedom from shackling is an important component of a fair trial. *People v Duplissey,* 380 Mich 100; 155 NW2d 850 (1968). Ordinarily, such procedure should be permitted only to prevent the escape of the prisoner or to prevent him from injuring bystanders and officers of the court or to maintain a quiet and peaceable trial. *Id.* See also *People v Jankowski,* 130 Mich App 143; 342 NW2d 911 (1983). This Court reviews a trial court's decision to keep a defendant re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

strained for an abuse of discretion under the totality of the circumstances. See *Jankowski, supra.*

In this case, we are satisfied that the trial court properly exercised its discretion in ordering that defendant wear leg restraints during his trial. Defendant's past history of assaultive and disruptive behavior both in and out of court and the unique configuration of the courtroom in which the trial was held (including seven separate entries into the courtroom and three entries into an adjacent gallery) were credible justification for the court's decision to restrain defendant for the purpose of having a peaceable trial, despite the absence of any indication on defendant's part that he would attempt an escape. Furthermore, the record clearly establishes that the trial court also exercised its discretion to protect defendant by taking precautions to prevent the type of prejudice that may have occurred from defendant's being seen walking to the witness stand in leg irons. Additionally, the trial court offered to give curative instructions to the jury which apparently were not requested by defense counsel. Under these circumstances, we cannot say that defendant was denied a fair trial.

Defendant next contends that the trial court abused its discretion by ruling that a new jury would not be impaneled for defendant's trial on the supplemental information charging him as an habitual offender. We disagree.

A defendant has no absolute right to a new jury when tried as an habitual offender. See *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). Generally, a new jury is necessary only where the jury deciding the habitual offender charge should be prevented from knowing the details of the crime of which the defendant has just been convicted, or when the cost and inconvenience of

impaneling a new jury is outweighed by the possibility of prejudice to the defendant in having the issue submitted to the same jury which convicted him of the current principal charge. See *Stratton,* *supra.* See also *People v Schram,* 98 Mich App 292; 296 NW2d 840 (1980); *People v Potter,* 115 Mich App 125; 320 NW2d 313 (1982), lv den 417 Mich 897 (1983). The use of cautionary instructions to the jury when deciding the supplemental charges advising them to disregard anything heard in the primary trial is recommended to avoid any possible prejudice. See *Schram, supra; Potter, supra.*

Here, the trial court noted that the decision to impanel a new jury was within its sound discretion and properly exercised that discretion by balancing the cost and inconvenience of impaneling a new jury against the possibility of prejudice to the defendant. The decision to keep the same jury did not run afoul of defendant's right to remain silent. See *Potter, supra.* Additionally, as advised by this Court in *Potter, supra,* the trial court instructed the jury to disregard any evidence concerning defendant's prior convictions presented in the trial of the principal charges. On this record we find no abuse of discretion.

Defendant next contends that he was denied a fair trial through prosecutorial misconduct. Specifically, defendant claims that the prosecution improperly injected evidence that defendant had filed grievances against corrections officers at Marquette Prison, where the instant offenses occurred, and that the prosecution improperly questioned the credibility of defense counsel during closing argument.

Defendant failed to object to the alleged instances of misconduct. Thus, the issue is not preserved unless the alleged misconduct was so prejudicial that its effect could not be cured by a

cautionary instruction and failure to consider the issue would result in a miscarriage of justice. *People v Jancar,* 140 Mich App 222; 363 NW2d 455 (1985). Under this standard, the issue is not properly before this Court. The issue of defendant's filing of grievances was first raised by defendant, not the prosecutor. Moreover, our review of closing argument indicates that the prosecutor argued that defense counsel had incorrectly interpreted the trial testimony, not that he lacked credibility. As failure to consider the issue would not result in a miscarriage of justice, we decline further review.

Defendant argues that the trial judge failed to properly instruct the jury concerning direct and circumstantial evidence. Defense counsel not only did not object to the instructions as given, but expressed satisfaction with the instructions. In the absence of an objection, alleged errors in jury instructions are deemed waived unless a miscarriage of justice results. *People v Collins,* 158 Mich App 508, 512; 405 NW2d 182 (1987). No miscarriage of justice arises here. See *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977); *People v Freeland,* 101 Mich App 501; 300 NW2d 616 (1980), lv den 417 Mich 963 (1983); *People v Bell,* 155 Mich App 408; 399 NW2d 542 (1986).

Defendant's final claim is that the trial court erred in denying his motion for new trial on the basis of insufficient evidence. An allegation of insufficient evidence is reviewed by looking at all the evidence in the light most favorable to the prosecution and then deciding if a reasonable trier of fact could conclude that all required elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), reh den 407 Mich 1164 (1980), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980).

Circumstantial evidence and reasonable inferences arising from that evidence may constitute sufficient proof of the elements of the offense. *People v Frank Johnson,* 146 Mich App 429, 434; 381 NW2d 740 (1985), lv den 425 Mich 855 (1986).

Assaulting an employee of a place of confinement occurs when a "person lawfully imprisoned in a . . . place of confinement . . ., through the use of violence . . . or dangerous weapons, assaults an employee of the place of confinement . . . knowing the person to be an employee . . . ." MCL 750.197c; MSA 28.394(3). Being an inmate in possession of a weapon occurs when "a prisoner [has] in his or her possession or under his or her control a weapon or other implement which may be used to injure a prisoner or other person . . . ." MCL 800.283(4); MSA 28.1623(4). Here, there was sufficient evidence when viewed in a light most favorable to the prosecution to support both convictions. The prosecution's evidence indicated that defendant was an inmate at the state prison in Marquette, that he struck prison employee Edward Humphrey on the forehead with a rolled-up magazine with a ball point pen inserted in one end sticking out two to three inches and bound with a piece of cloth, and that defendant was familiar with Humphrey as a resident unit officer responsible for prisoners in the block in which defendant was housed. Humphrey's wound left him dazed and required three stitches near his hairline. Additionally, he sustained a laceration one inch long over his left eye. The pen and magazine implement was ultimately recovered from the area of defendant's cell. In light of these proofs, the jury's verdict was well supported by the evidence.

Affirmed.