PEOPLE v NEAL

Docket No. 209603. Released October 30, 1998, at 9:05 A.M.; vacated November 9, 1998.

Before: CORRIGAN, C.J., and MACKENZIE and R. P. GRIFFIN*, JJ.

CORRIGAN, C.J. The prosecution appeals by right the order vacating defendant's convictions of three counts of assaulting an employee of a place of confinement, MCL 750.197c; MSA 28.394(3), because, although proving that defendant was a prison inmate, the prosecution failed to prove that he was "lawfully" imprisoned. In *People v Gaines*, 223 Mich App 230; 566 NW2d 35 (1997), this Court held that, for purposes of the instant offense, a rational trier of fact could not find beyond a reasonable doubt that an inmate was lawfully imprisoned on the basis of evidence that he was incarcerated in a state prison. We therefore affirm under *Gaines*. But for our obligation under MCR 7.215(H)(1) to follow *Gaines*, however, we would vacate the trial court's order and reinstate defendant's convictions.

I

This case arises from an altercation between inmates and guards at the Gus Harrison Correctional Facility, a state prison located in Adrian. The prosecution charged defendant with three counts of assault with intent to do great bodily harm less than murder (AGBH), MCL 750.84; MSA 28.279, for his role in the melee. At the close of evidence, the prosecutor requested an additional instruction on the offense of assault of an

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

employee of a place of confinement. The trial court granted the request. The jury acquitted defendant of AGBH, but found him guilty of three counts of assaulting an employee of a place of confinement. The trial court enhanced defendant's sentences as a fourth-offense habitual offender, MCL 769.12; MSA 28.1084, and sentenced him to a term of imprisonment of five to fifteen years for each conviction.

Defendant subsequently moved to set aside his convictions and dismiss the charges because of insufficient evidence. The trial court granted the motion, reasoning as follows:

> The prosecution, at trial, proved that defendant was a prison inmate at the time the offense occurred but it did not offer a copy of his Judgment of Setence [sic] or any other evidence to establish that such imprisonment was lawful. On April 25, 1997, the court decided *People v Gains* [sic], 223 Mich App 230, 566 NW2d 35 (1997), which was released for publication on July 16, 1997. In that case, a divided panel of the Michigan Court of Appeals by 2 to 1 vote, decided that the legislature specifically chose to require the prosecution to prove that the defendant was lawfully confined in prison in order to sustain a conviction. The Court of Appeals ruled that their proof that he was an inmate was insufficient.
>
> The prosecutor proved defendant, Dashone Neal, was a prison inmate, but did not prove he was lawfully imprisoned.
>
> Defendant's conviction [sic] shall be vacated and the defendant discharged as to these charges.

II

The prosecution argues that the trial court erred in granting defendant's motion because evidence that defendant was a prison inmate at the time he assaulted the prison guards was sufficient to prove that he was lawfully imprisoned. We agree, but are required to hold otherwise by MCR 7.215(H)(1).

In reviewing the sufficiency of the evidence, this Court views the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find the essential elements of the crime proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748, amended 441 Mich 1201 (1992). To support a conviction of assault of an employee of a place of confinement, the prosecution must prove that the defendant: (1) was lawfully imprisoned in a place of confinement; (2) used violence, threats of violence, or dangerous weapons to assault an employee of the place of confinement or other custodian; and (3) knew that the victim was an employee or custodian. MCL 750.197c; MSA 28.394(3); *People v Williams*, 173 Mich App 312, 318; 433 NW2d 356 (1988); *People v Norwood*, 123 Mich App 287, 294-295; 333 NW2d 255 (1983).

In *Gaines, supra* at 234, this Court, after concluding that lawful imprisonment was an element of the offense of assault of an employee of a place of confinement, determined that evidence of the defendant's incar-

ceration in a state prison was insufficient to prove the lawfulness element because a rational trier of fact could not infer lawfulness from the imprisonment itself. *Gaines* further noted that the prosecution could have easily satisfied its burden by introducing the defendant's judgment of sentence for the crime for which he was imprisoned.

Judge D. A. BURRESS concurred in the majority opinion, but wrote separately to expound on the underlying facts. Judge BURRESS emphasized that the prosecution did not produce evidence of the defendant's prior convictions and sentences until the habitual offender phase of the trial. He rejected the prosecution's argument that the jury could infer lawfulness from the incarceration itself and observed as follows:

> The prosecution has available to it many avenues by which it may prove that an individual has been lawfully incarcerated. Some are more cumbersome to navigate than others. For instance, it may elect to bring forward witnesses who were present at the time a sentence was imposed, or those who were present when an individual was otherwise confined by lawful authority. Others may take the more convenient route of simply producing a certified record of the sentence or other commitment. [*Id.* at 238-239.]

Judge SAWYER dissented from the majority opinion in *Gaines*. Viewing the evidence in a light most favorable to the prosecution, Judge SAWYER concluded at 240:

> In the case at bar, I am satisfied that a rational trier of fact could conclude that defendant was lawfully imprisoned on the basis of the fact of his imprisonment and that none of the evidence suggested that the imprisonment was unlawful. Cf. *People v Williams* [*supra*]. While unlawful incarceration may occur, it is certainly a rare occurrence. In the absence of any suggestion to the contrary, a rational trier of fact could reasonably infer that an incarceration is lawful.

In this case, as in *Gaines*, the prosecution presented no evidence beyond the incarceration itself to establish that defendant was lawfully imprisoned. Accordingly, under *Gaines*, the prosecution failed to present sufficient evidence to support the convictions. Thus, the trial court properly vacated the convictions.

III

If we were not obligated under MCR 7.215(H)(1) to follow *Gaines*, we would vacate the trial court's order and reinstate defendant's convictions because the prosecution presented sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that defendant was lawfully imprisoned. We would follow the reasoning of Judge SAWYER's dissent and conclude that a rational trier of fact could find that defendant was lawfully imprisoned on the basis of evidence that he was, in fact, incarcerated in a state prison when he assaulted the prison guards.

We initially agree with *Gaines* that the prosecution must establish the lawfulness of the imprisonment as part of its prima facie case of assault of an employee of a place of confinement. MCL 750.197c; MSA 28.394(3) expressly so provides:

> A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place, including but not limited to hospitals and other health care facilities or awaiting examination, trial, arraignment, sentence, or after sentence awaiting or during transfer to or from a prison, for a crime or offense, or charged with a crime or offense who, without being discharged from the place of confinement, or other lawful imprisonment by due process of law, through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony.

Both Michigan courts and courts of other jurisdictions have historically construed statutes requiring "lawful" imprisonment, detention, or commitment as providing that lawfulness is an element of the prosecution's prima facie case. See *People v Hamaker*, 92 Mich 11, 16; 52 NW 82 (1892); see, generally, Perkins, Criminal Law (2d ed), ch 5, § 3a, pp 502-503; 4 Torcia, Wharton's Criminal Law (15th ed), § 640, pp 451-453. Further, when the Legislature amended the prison escape statute, MCL 750.193; MSA 28.390, to eliminate the lawfulness element,[1] the Legislature did not similarly amend MCL 750.197c; MSA 28.394(3). Thus, lawfulness remains an element of the prosecution's prima facie case in prosecutions under MCL 750.197c; MSA 28.394(3).

We disagree, however, with *Gaines'* determination regarding the quantum of evidence necessary to prove lawfulness when the defendant is incarcerated in a state prison. Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of an offense. *People v Truong (After Remand)*, 218 Mich App 325, 337; 553 NW2d 692 (1996). Were we to consider this issue as a matter of first impression, we would conclude that a jury could reasonably infer lawful imprisonment from evidence that the defendant was incarcerated in a state prison.

MCL 750.197c; MSA 28.394(3) applies to persons "lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place . . . ." Thus, the statute applies to persons incarcerated in both jails and state prisons, which are places "of confinement established by law for any term." *People v*

---

[1] This Court has held that unlawful imprisonment remains an affirmative defense to a charge of prison escape. *People v Hurst*, 59 Mich App 441, 443-446; 229 NW2d 492 (1975).

*Wingo*, 95 Mich App 101, 104; 290 NW2d 93 (1980). State prisons are, however, far more selective in their admission criteria than jails. The jury may rely on its common knowledge that a person must have been convicted of a crime to attain prison inmate status.[2] *People v Schmidt*, 196 Mich App 104, 108; 492 NW2d 509 (1992); CJI2d 3.5(9). Thus, the jury may reasonably infer that a defendant was lawfully imprisoned from evidence that he was incarcerated in a state prison.[3] Cf. *Wright v Mississippi*, 162 Miss 494, 499-500; 139 So 869 (1932).

This Court apparently recognized the reasonableness of this inference in *People v Williams, supra.* In *Williams, supra* at 318, this Court held that the prosecution presented sufficient evidence to support convictions of assaulting an employee of a place of confinement and of being an inmate in possession of a weapon, MCL 800.283(4); MSA 28.1623(4). It reasoned:

> The prosecution's evidence indicated that defendant was an inmate at the state prison in Marquette, that he struck prison employee Edward Humphrey on the forehead with a rolled-up magazine with a ball point pen inserted in one end sticking out two to three inches and bound with a piece of cloth, and that defendant was familiar with Humphrey as a resident unit officer responsible for prisoners in the block in which defendant was housed. Humphrey's wound left him dazed and required three stitches near his hairline. Additionally, he sustained a laceration one inch long over his left eye. The pen and magazine implement was ultimately recovered from the area of defendant's cell. In light of these proofs, the jury's verdict was well supported by the evidence.

We recognize, as Judge BURRESS notes in his concurrence in *Gaines*, that a person's incarceration in a state prison may be unlawful. See *Hamaker, supra, Cross v Dep't of Corrections*, 103 Mich App 409; 303

---

[2] Michigan statutes provide that those incarcerated in a state prison must have been convicted of a crime and sentenced to a maximum term of at least a year and a day. MCL 769.28; MSA 28.1097(1); *People v Blythe*, 417 Mich 430, 437; 339 NW2d 399 (1983). When a defendant is sentenced to confinement in prison, the sheriff must not only convey the defendant from jail to prison and deliver him to the warden, MCL 800.48; MSA 28.1417, but also deliver a certified copy of the sentence prepared by the clerk of the court. MCL 800.50; MSA 28.1419, MCL 769.17; MSA 28.1087.

[3] We respectfully disagree with those courts in other jurisdictions that have reached contrary results. *Harding v Arkansas*, 248 Ark 1240; 455 SW2d 695 (1970); *Fulford v Florida*, 113 So 2d 572 (Fla App, 1959). We express no opinion regarding those decisions rejecting an inference of lawfulness from evidence of incarceration in a county jail. *Louisiana v Thompson*, 597 So 2d 26 (La App, 1992); *Maggard v Florida*, 226 So 2d 32 (Fla App, 1969), overruled on other grounds in *Florida v Williams*, 444 So 2d 13 (Fla, 1984) (holding that unlawfulness of confinement was an affirmative defense, not an element of the crime of escape).

NW2d 218 (1981), and *People v Alexander*, 39 Mich App 607; 197 NW2d 831 (1972). The prosecution need not, however, negate every theory of innocence to establish a prima facie case. See *People v Quinn*, 219 Mich App 571, 574; 557 NW2d 151 (1996). Unlawful imprisonment[4] is certainly a rare occurrence. Further, that the prosecution could proffer additional evidence, such as a judgment of conviction, to strengthen its case is of no consequence. MCL 750.197c; MSA 28.394(3) does not require a defendant to be in custody by virtue of a conviction. Compare 18 USC 751(a); *United States v Richardson*, 687 F2d 952, 966-967 (CA 7, 1982). Thus, the prosecution may, but need not, proffer a judgment of conviction or other additional evidence to prove the lawfulness of the imprisonment. The prosecution may instead simply elect to rely on a reasonable inference drawn from the defendant's incarceration in a state prison. The jury, not this Court, should weigh the evidence presented. See *People v Lemmon*, 456 Mich 625, 638; 576 NW2d 129 (1998). Accordingly, if we were not obligated to follow *Gaines*, we would hold that a reasonable jury could find on the basis of the evidence in this case that defendant was lawfully imprisoned.

Affirmed.

---

[4] Imprisonment is not rendered unlawful because the conviction leading thereto is subsequently reversed or otherwise infirm. See *People v Mullreed*, 15 Mich App 538, 539; 166 NW2d 820 (1969); see, generally, Torcia, *supra*, §§ 640, 643, pp 451-454, 463-464.