PEOPLE v CLAY

Docket No. 211768. Submitted October 7, 1999, at Grand Rapids. Decided
    January 11, 2000, at 9:20 A.M. Leave to appeal sought.

    Jerry Clay was arrested for carrying a concealed weapon and, while
        being processed for that offense in the county jail, assaulted a dep-
        uty. He was convicted by a jury in the Kent Circuit Court, H. David
        Soet, J., of assault of a corrections officer and being a fourth-
        offense habitual offender. The defendant appealed, and the Court
        of Appeals affirmed in an unpublished opinion per curiam, issued
        January 21, 1997 (Docket No. 183102). In a separate jury trial in the
        Kent Circuit Court, H. David Soet, J., the defendant was convicted
        of carrying a concealed weapon and being a fourth-offense habitual
        offender. He appealed, and the Court of Appeals reversed and
        remanded in an unpublished opinion per curiam, issued April 11,
        1997 (Docket No. 183101), finding that the police did not have
        probable cause to arrest the defendant and, therefore, the trial
        court erred in denying the defendant's motion to suppress the evi-
        dence (the weapon). The defendant thereafter filed a motion for
        relief from judgment in the trial court, arguing that because his
        arrest for carrying a concealed weapon had been deemed unlawful,
        he was not "lawfully imprisoned" at the time he assaulted the cor-
        rections officer and, therefore, the conviction of assault of a cor-
        rections officer should be set aside. The court, H. David Soet, J.,
        denied the motion. The defendant appealed by leave granted.

        The Court of Appeals held:

        1. The statute that the defendant was convicted of violating, MCL
        750.197c; MSA 28.394(3), penalizes assaultive conduct upon a cor-
        rections officer at various stages of a criminal proceeding. The stat-
        ute, in part, punishes assaultive conduct by a defendant who is
        merely awaiting examination, trial, arraignment, or sentencing. The
        statute does not punish assaultive conduct only when an individual
        is "lawfully imprisoned."

        2. The statute does not require that the prosecution prove that a
        defendant was "lawfully imprisoned" when the defendant is

charged with assaulting a corrections officer while the defendant was awaiting examination, as in the present case.

Affirmed.

HOLBROOK, JR., J., dissenting, stated that the statute requires the prosecution in a case in which a defendant is charged with assaulting a corrections officer while the defendant was awaiting examination must prove the defendant was lawfully imprisoned at the time of the alleged assault. Because the defendant was not lawfully imprisoned when he attacked the corrections officer, his conviction of that offense should be reversed.

ASSAULT — ASSAULT ON CORRECTIONS OFFICERS — PRISONS AND PRISONERS — LAWFUL IMPRISONMENT.

MCL 750.197c; MSA 28.394(3) penalizes assaultive conduct upon a corrections officer at various stages of a criminal proceeding, including when a defendant is awaiting examination, trial, arraignment, or sentencing; the statute does not punish such conduct only if the defendant is lawfully imprisoned at the time of the assault; the prosecution is not required to prove that a defendant charged with assaulting a corrections officer while the defendant was awaiting examination was lawfully imprisoned at the time of the assault.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *David M. LaGrand*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for the defendant on appeal.

Before: HOOD, P.J., and HOLBROOK, JR., and FITZGERALD, JJ.

HOOD, P.J. Defendant appeals, by leave granted, from an order denying his motion for relief from judgment. We affirm.

In March 1994, defendant was released from jail after serving sentences for convictions unrelated to the present action. The sentencing terms also required that defendant remain on a tether for six

months. However, on March 8, 1994, defendant cut off his tether unit and absconded. On March 14, 1994, a bench warrant was issued for defendant's probation violation. On March 17, 1994, police officers were stopped behind a vehicle waiting at a traffic light. Defendant got out of the vehicle and spoke to the driver. The traffic signal turned green, but the vehicle did not proceed through the light. Eventually, defendant moved away from the vehicle and headed toward a gas station. He did not respond to a police officer's request to talk. Defendant then fled, and the police gave chase. Defendant turned to look over his shoulder and, consequently, ran into a police cruiser, which rendered defendant unconscious. A loaded pistol was found on defendant, and he was arrested for carrying a concealed weapon, MCL 750.227; MSA 28.424.

Defendant was taken to the county jail known as the Kent County Correctional Facility. Defendant was booked, but, during processing, he exchanged words with the jail staff. Defendant was known to various deputies because of his prior contact with law enforcement officers. As a result of defendant's exchange and prior contact, it was determined that defendant would be placed in a classification cell, a cell monitored by cameras in order to observe inmate conduct. Once defendant realized that he was being placed in a monitored cell, he threw his belongings, assumed a "stance" position, and refused to enter the cell. A "code green" call was issued that signified an inmate problem, and an estimated ten deputies converged on the area. Defendant was placed in the classification cell without further incident. However, the cell door closed before all jail personnel could exit,

and Deputy Randy Heuvelman found himself locked in the cell with defendant. Defendant assaulted Deputy Heuvelman, using his fists to strike the deputy in the head. Consequently, defendant was charged with assault of a corrections officer, MCL 750.197c; MSA 28.394(3), and being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was convicted, following a jury trial, and sentenced to three to fifteen years' imprisonment. On appeal, defendant's conviction was affirmed.[1]

In a separate jury trial, defendant was convicted of carrying a concealed weapon, MCL 750.227; MSA 28.424, and being an habitual offender, fourth offense. Defendant was sentenced to five to twenty years' imprisonment. However, defendant's convictions were reversed on appeal.[2] This Court held that the trial court erred in denying defendant's motion to suppress evidence because defendant was not lawfully arrested. Specifically, this Court held that the three "misdemeanors" offered as a basis for defendant's arrest, aiding and abetting a traffic violation, trespassing, and wilful failure to obey the lawful directions of an officer, were unlawful. Accordingly, defendant's convictions were reversed and the matter was remanded.

Thereafter, defendant moved, in the trial court, for relief from the judgment regarding his conviction of assault of a corrections officer. Defendant argued that, because his arrest for the carrying a concealed weapon offense was deemed unlawful, he was not

---

[1] *People v Clay*, unpublished opinion per curiam of the Court of Appeals, issued January 21, 1997 (Docket No. 183102).

[2] *People v Clay*, unpublished opinion per curiam of the Court of Appeals, issued April 11, 1997 (Docket No. 183101).

"lawfully imprisoned" at the time of the assault on a corrections officer. Accordingly, defendant requested that his conviction be set aside. The trial court held that the police had a proper purpose for detaining defendant because of the outstanding bench warrant, which, in turn, validated the arrest. The trial court also held that a subsequent finding that the police did not have probable cause to arrest defendant did not render his detention unlawful. We affirm, albeit on other grounds.

Defendant's contention that the prosecution was required to prove that he was lawfully imprisoned at the time of the assault involves an issue of statutory interpretation. Statutory interpretation presents a question of law that we review de novo. *People v Nimeth*, 236 Mich App 616, 620; 601 NW2d 393 (1999). At the time of defendant's offense, MCL 750.197c; MSA 28.394(3) provided:

> A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place, including but not limited to hospitals and other health care facilities or *awaiting examination, trial, arraignment, sentence,* or after sentence awaiting or during transfer to or from a prison, for a crime or offense, or charged with a crime or offense who, without being discharged from the place of confinement, or other lawful imprisonment by due process of law, through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony. [Emphasis added.]

In *People v Neal*, 232 Mich App 801; 592 NW2d 92 (1998), vacated 232 Mich App 801 (1998),[3] the defendant was incarcerated at a state prison when an altercation between inmates and guards occurred. The defendant was charged with three counts of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. At the close of the proofs, the prosecutor requested that an instruction for assault of a corrections officer be given. The trial court granted the request, and the jury acquitted the defendant of the original charges, but found the defendant guilty of three counts of assault of a corrections officer. The defendant moved to have his convictions set aside, but did not challenge the lawfulness of his incarceration in the state prison. Rather, the defendant challenged the sufficiency of the prosecution's proof of lawful imprisonment. The trial court granted the defendant's motion. On appeal, this Court noted that "the prosecution must establish the lawfulness of the imprisonment as part of its prima facie case of assault of an employee of a place of confinement." *Neal, supra,* 232 Mich App 804. However, this Court held that there was sufficient evidence to support the conviction because lawful imprisonment could be inferred from evidence that the defendant was incarcerated in a state prison. *Id.*

The present case before us is factually and legally distinguishable. Defendant argues that his conviction

---

[3] When the *Neal* decision was released, this Court noted that it was constrained to follow *People v Gaines*, 223 Mich App 230; 566 NW2d 35 (1997). However, the *Neal* opinion was vacated and a special panel was convened to resolve the conflict between *Neal* and *Gaines*. *Neal, supra,* 232 Mich App 801. The conflict panel adopted the reasoning of *Neal* and the *Gaines* precedent was overruled. *People v Neal*, 233 Mich App 649; 592 NW2d 95 (1999).

must be set aside because the reversal of his conviction of carrying a concealed weapon, which charge caused his placement in the county jail, rendered his imprisonment unlawful. However, examination of MCL 750.197c; MSA 28.394(3) reveals that it does not punish conduct only when an individual is "lawfully imprisoned." Rather, the statute penalizes assaultive conduct upon a corrections officer at various stages of a criminal proceeding. It punishes a defendant who has been convicted of a crime and is serving time in a jail, prison, hospital, or other confined location. However, it also punishes assaultive conduct when a defendant is merely "awaiting examination, trial, arraignment, sentence . . . ." MCL 750.197c; MSA 28.394(3). Additionally, the statute penalizes assaultive conduct that occurs after a crime is charged, but before discharge from a place of confinement, or assaultive conduct that occurs after sentencing, but before entry into a place of confinement.

In drafting MCL 750.197c; MSA 28.394(3), the Legislature failed to include the requirement that a defendant be "lawfully imprisoned" at all stages in a criminal proceeding. Specifically, the term "lawfully imprisoned" was not included in reference to a defendant who has initial contact with the criminal justice system, but has not yet been given the opportunity to protest confinement at a preliminary examination or trial. "The fundamental rule of statutory construction is to discern and give effect to the intent of the Legislature." *People v Venticinque*, 459 Mich 90, 99; 586 NW2d 732 (1998). When statutory language is clear and unambiguous, we must enforce the statute as written because the Legislature must have intended the meaning it expressed. *Id.* Accordingly, we hold

that the Legislature did not intend to require that the prosecution prove that a defendant was "lawfully imprisoned" when he is charged with assaulting a corrections officer *while awaiting examination.* Review of the felony complaint in the present case reveals that defendant was charged with assault of an employee of the place of confinement "while awaiting examination." Because the Legislature did not require that the prosecution prove that a defendant was lawfully imprisoned while "awaiting examination, trial, arraignment, [or] sentence," the trial court properly denied defendant's motion for relief from judgment.

We also note that our statutory interpretation is consistent with the legislative intent in enacting MCL 750.197c; MSA 28.394(3). The House Legislative Analysis for 1976 PA 188 indicates that the purpose of the legislation was to elevate an assault upon corrections staff from a misdemeanor to a felony because of inadequate protections to corrections staff. House Legislative Analysis, HB 5117, July 1, 1976. The interpretation urged by defendant would require proof of "lawful imprisonment" when the proceedings at which such imprisonment could be challenged, such as examination or trial, have not yet been held. There is no indication that the Legislature intended the constrained interpretation urged by defendant.

Affirmed.[4]

FITZGERALD, J., concurred.

---

[4] We note that the recent decision of *People v Taylor*, 238 Mich App 259; 604 NW2d 783 (1999), addressed lawful imprisonment. However, the defendant in *Taylor* was charged with escape from jail, MCL 750.197(2); MSA 28.394(2), not assault of a corrections officer, MCL 750.197c; MSA 28.394(3), the statute in dispute before us.

HOLBROOK, JR., J. (*dissenting*). I respectfully dissent. While I agree with the majority's recitation of the relevant rules of statutory interpretation, I disagree with its application of those rules to the language of MCL 750.197c; MSA 28.394(3) (assault of an employee of a place of confinement). Specifically, I disagree with the majority's conclusion that the plain language of the statute indicates "that the Legislature did not intend to require that the prosecution prove that a defendant was 'lawfully imprisoned' when he is charged with assaulting a corrections officer *while awaiting examination.*" *Ante*, p 372 (emphasis in majority opinion). Further, because I conclude that defendant was not lawfully imprisoned when he attacked the officer, I would reverse defendant's conviction of assault of an employee of a place of confinement.

At the relevant time, MCL 750.197c; MSA 28.394(3) was broadly divided into three parts. The first part sets forth the specific class of defendants to whom the statute applies, the second sets forth the prohibited behavior, and the third sets forth the class of protected individuals. My disagreement with the majority stems from how it has interpreted the first of these three parts.[1] The relevant language reads:

> A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place, including

---

[1] In 1998, the Legislature amended MCL 750.197c; MSA 28.394(3) by redesignating the unaltered language of the existing § 197c as subsection 197c(1) and adding a subsection 197c(2). 1998 PA 510. Because nothing in the two new subsections affects my analysis, I believe the interpretation set forth in this dissent should apply to the present version of the statute as well.

but not limited to hospitals and other health care facilities
or awaiting examination, trial, arraignment, sentence, or
after sentence awaiting or during transfer to or from a
prison, for a crime or offense, or charged with a crime or
offense who, without being discharged from the place of
confinement, or other lawful imprisonment by due process
of law . . . . [MCL 750.197c; MSA 28.394(3).]

This section of the statute consists of a number of
subclassifications. As I read the statute, the modifying
phrase, "lawfully imprisoned," applies to each of
these subclassifications.

The majority correctly observes that MCL 750.197c;
MSA 28.394(3) "penalizes assaultive conduct upon a
corrections officer at various stages of a criminal pro-
ceeding." *Ante*, p 371. The majority then draws a dis-
tinction between defendants who are already serving
time after conviction and all other defendants who
are involved in earlier stages of a criminal proceed-
ing. The majority concludes that the "lawfully impris-
oned" language applies to the former but not the lat-
ter. I believe this is an erroneous distinction at odds
with the language of the statute.

The terms "awaiting examination, trial, arraign-
ment, sentence" are preceded by the phrase "or law-
fully imprisoned for any purpose at any other place,
including but not limited to . . . ." This introductory
phrase clearly signals that a list of applicable "pur-
poses" and "places" is to follow. For the statute to
apply to a given defendant found in any of these
listed situations, the defendant must be "lawfully
imprisoned" at the time. There is nothing in the struc-
ture of the statute that leads to the conclusion that
the "awaiting examination, trial, arraignment, sen-
tence" language is not to be included on this list.

Indeed, the syntax and organization of the statute leads to the exact opposite conclusion.[2]

Additionally, I note that this list is immediately followed by the following catch-all provision: "or other lawful imprisonment by due process of law . . . ." A catch-all provision is typically inserted into a statute to make sure that the language employed does not inadvertently omit something that was intended to be included. *Benedict v Dep't of Treasury*, 236 Mich App 559, 565; 601 NW2d 151 (1999). Thus, while the "not limited to" language that precedes the list informs us that the list is not exhaustive, the catch-all informs us that when drawing out of the situations listed a standard of applicable characteristics, the class of defendants should not be limited in a manner that would have the effect of excluding persons under "lawful imprisonment by due process of law . . . ."[3] By placing this language both before and after the list of particulars, the Legislature has clearly signaled its intent that the law should apply only when the assault is committed by those "lawfully imprisoned."

---

[2] In *People v Fox (After Remand)*, 232 Mich App 541; 591 NW2d 384 (1998), this Court interpreted similar language found in MCL 750.197(2); MSA 28.394(2), the jail escape statute. The *Fox* Court concluded that conviction under "the jail escape statute requires a showing that (1) the defendant was lawfully imprisoned in a jail or other place of confinement while awaiting legal proceedings or transfer to prison . . . ." *Fox, supra* at 556-557. Unlike the majority in the case at hand, the *Fox* Court did not subdivide the situations listed in the jail escape statute, applying the lawful imprisonment requirement to some and not others. The Legislature's failure to include the specific phrase "lawfully imprisoned" in each and every clause of the jail escape statute was apparently not seen as significant by the *Fox* Court. I believe our reading of MCL 750.197c; MSA 28.394(3) should be similarly informed.

[3] "The purpose for defining the class by illustrative particularizations accompanied by a general catchall reference is to determine how extensively the act was intended or should reasonably be understood to apply." 2A Singer, Sutherland Statutory Construction (5th ed), § 47:18, p 200.

In *People v Neal*, 233 Mich App 649, 650; 592 NW2d 95 (1999), this Court adopted the reasoning and analysis set forth in *People v Neal*, 232 Mich App 801; 592 NW2d 92 (1998), vacated 232 Mich App 801 (1998) (hereinafter *Neal I*). I note that the *Neal I* Court made the following observations:

> We initially agree . . . that the prosecution must establish the lawfulness of the imprisonment as part of its prima facie case of assault of an employee of a place of confinement. . . .
>
> \*     \*     \*
>
> Both Michigan courts and courts of other jurisdictions have historically construed statutes requiring "lawful" imprisonment, detention, or commitment as providing that lawfulness is an element of the prosecution's prima facie case. Further, when the Legislature amended the prison escape statute . . . to eliminate the lawfulness element, the Legislature did not similarly amend MCL 750.197c; MSA 28.394(3). Thus, lawfulness remains an element of the prosecution's prima facie case in prosecutions under MCL 750.197c; MSA 28.394(3). [*Neal I, supra* at 804 (citations omitted).]

The majority's reading of the statute disregards these observations and legal traditions.[4] In so doing, the majority has, in effect, established two prima facie cases for the crime of assault of an employee of

---

[4] The majority disregards the analysis in *Neal I* on the ground that the case is factually distinguishable. *Ante*, p 370. While this is true, I do not believe that means we can dismiss the *Neal I* Court's observations on the nature of the prima facie case under MCL 750.197c; MSA 28.394(3). The *Neal I* Court did not say that the nature of the prima facie case for that case alone included the element of lawful imprisonment. Rather, the Court observed that lawful imprisonment is, in general, an essential element of the prima facie case of assault of an employee of a place of confinement. *Neal I, supra* at 804.

a place of confinement. The first, for those persons convicted and serving time, follows the traditional approach by including the element of being lawfully imprisoned in a place of confinement. However, the second prima facie case, for those persons involved in a criminal proceeding but not yet convicted and serving time, does not include such an element. I do not believe the language of the statute either proscribes or justifies such a break with traditional adjudication of this crime. In fact, I believe the plain language of the statute indicates that the Legislature intended to create only one prima facie case for the crime. See, e.g., *People v Terry*, 217 Mich App 660, 661-662; 553 NW2d 23 (1996); *People v Williams*, 173 Mich App 312, 318; 433 NW2d 356 (1988).

The resolution of defendant's appeal now turns on whether he falls within the class of covered defendants, i.e., was defendant lawfully imprisoned at the time of the assault. The word "imprisoned" does not apply only to the condition of being in prison or jail. For example, "imprison" has been defined as follows: "To put in a prison; to put in a place of confinement. To confine a person, or restrain his liberty, in any way." Black's Law Dictionary (6th ed). See also *People v Taylor*, 238 Mich App 259; 604 NW2d 783 (1999). "Imprisonment" is

> [t]he detention of a person contrary to his will. The act of putting or confining a person in prison. The restraint of a person's personal liberty; coercion exercised upon a person to prevent the free exercise of his powers of locomotion. It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose; it may be in a locality used only for the specific occasion . . . . [Black's Law Dictionary (6th ed).]

A person being held before arraignment, examination, trial, or sentencing is certainly being confined and detained against the person's will.[5]

However, as the majority notes, previously, a panel of "this Court held that the three 'misdemeanors' offered as a basis for defendant's arrest, aiding and abetting a traffic violation, trespassing, and wilful failure to obey the lawful directions of an officer, were unlawful." *Ante*, p 368. In defining "lawful," Black's Law Dictionary notes that the

> principal distinction between the terms "lawful" and "legal" is that the former contemplates the substance of law, the latter the form of law. *To say of an act that it is "lawful" implies that it is authorized, sanctioned, or at any rate not forbidden, by law.* To say that it is "legal" implies that it is done or performed in accordance with the forms and usages of law, or in a technical manner. [Black's Law Dictionary (6th ed) (emphasis added).]

Accord, *Taylor, supra* at 265. As this Court observed in *People v Clay*, unpublished opinion per curiam of the Court of Appeals, issued April 11, 1997 (Docket No. 183101), when defendant was arrested, "the officers *were not authorized by state or municipal law to effect a custodial arrest* for the particular offenses." (Emphasis added.) Because defendant's arrest was not authorized by law, his subsequent confinement was also unlawful. Accordingly, defendant

---

[5] Given the majority's restricted understanding of the term "imprisoned," it has chosen to read the medical facility designation as indicating that the statutory prohibition applies only when a defendant is serving time in a hospital after having been convicted of a crime. *Ante*, p 371. Conversely, I believe that a defendant could be charged under the statute if, for example, the defendant assaulted an officer attending to the defendant while the defendant was being treated at a hospital for injuries sustained during an arrest.

does not fall into the class of defendants set forth in the statute.

I also am not persuaded by the lower court's assertion that defendant's arrest could be justified by the outstanding bench warrant. The case cited by the trial court as support for this proposition, *People v Arterberry*, 431 Mich 381; 429 NW2d 574 (1988), is factually distinguishable. The defendant in *Arterberry* was challenging a police search of his person. The Court stated that the police acted within the scope of a valid search warrant when they discovered a controlled substance in a locked toolbox. This gave the police probable cause to arrest the defendant for loitering in a place of illegal operation or business. The Court reasoned that had the police thought to arrest the defendant on that charge, he could have been searched incident to that arrest. The fact that the arresting officers did not actually possess this state of mind was irrelevant. *Id.* at 383-384. Thus, the Court held, the "police acted properly in searching the seven occupants for the key." *Id.* at 385.

Unlike the officers in *Arterberry*, the officers who arrested defendant were not in possession of a valid warrant that might have justified their search of his person. Indeed, there is no evidence that any of the officers were even aware of the existence of the bench warrant at anytime before the assault.[6]

For these reasons, I believe defendant's conviction of assault of an employee of a place of confinement should be reversed.

---

[6] A fact acknowledged by the trial court.