# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TINIKI GIBBS,

        Defendant-Appellant.

UNPUBLISHED
January 13, 2015

No.  318529
Wayne Circuit Court
LC No.  13-002356-FH

Before:  FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial convictions of assault on a prison employee, MCL 750.197c, assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), and operating a vehicle with a high blood alcohol content (BAC), MCL 257.625(1)(c).  Defendant was sentenced to one year of probation for her convictions.  We affirm.

Defendant contends that insufficient evidence was presented to support her convictions. We disagree.

A defendant's challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).  In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.  *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014).  Circumstantial evidence and reasonable inferences can constitute satisfactory proof of the elements of the crime.  *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). This Court will not interfere with the factfinder's role of determining the weight of evidence or the credibility of witnesses.  *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). All conflicts in the evidence are resolved in favor of the prosecution.  *People v Kosik*, 303 Mich App 146, 151; 841 NW2d 906 (2013).

First, we consider defendant's convictions of assaulting a prison employee and assaulting, resisting, or obstructing a police officer.  The elements of assaulting a prison employee are that the defendant "(1) was lawfully imprisoned in a place of confinement; (2) used violence, threats of violence, or dangerous weapons to assault an employee of the place of confinement or other custodian; and (3) knew that the victim was an employee or custodian." *People v Kammeraad*, __ Mich App __; __ NW2d __ (2014); slip op at 29, quoting *People v*

*Neal*, 232 Mich App 801, 802-803; 592 NW2d 92 (1998); MCL 750.197c(1). The required elements to establish criminal liability for assaulting, resisting, or obstructing a police officer are: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010) (citations omitted). " 'Obstruct' includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." *Id.*, quoting MCL 750.81d(7)(a). The phrase "has reason to know" "requires the fact-finder to engage in an analysis to determine whether the facts and circumstances of the case indicate that when resisting, defendant had 'reasonable cause to believe' the person he was assaulting was performing his or her duties." *Id.*, quoting *People v Nichols*, 262 Mich App 408, 414; 686 NW2d 502 (2004).

Defendant, an off-duty Detroit police officer, was lawfully confined in a Detroit police station cell block after she was arrested for operating a vehicle while intoxicated. Detroit Police Officer Frank Gregory II, outfitted in a full police uniform, went to defendant's cell block because defendant was going to be transported to a hospital to receive medical attention. Gregory told defendant to retrieve everything from her cell block, including a roll of toilet paper that she had been given. Defendant refused, pushed past Gregory, and attempted to walk toward the door. Gregory told defendant to stop, grabbed defendant by the arm, and told her to come back so that defendant could be handcuffed. Defendant then "snatched away" from Gregory's grip, balled up her fist, and struck him in the face. Gregory struck defendant three times, and a scuffle between Gregory and defendant ensued. Gregory tried to gain control of defendant and told defendant to put her hands behind her back, but defendant continued to struggle and resist Gregory. Defendant was "flailing her arms" during the struggle. Police officers Ana Gorup, also outfitted in full police uniform, and Daniel Baxendale, wearing blue police pants, assisted Gregory. Gregory and Baxendale got defendant on the ground, where she continued to resist and struggle with the officers. Gorup told defendant to stop resisting. The officers were eventually able to handcuff defendant. Defendant was then escorted out of the cell block area to get medical treatment but was still "pulling and yanking" the officers.

Defendant was convicted of assaulting Gregory, and assaulting, resisting, or obstructing Baxendale.[1] Sufficient evidence was presented to establish that defendant assaulted Gregory. Defendant was lawfully confined at the police station. Gregory, who was in full uniform at the time of the incident, testified that defendant balled up her fist and struck him in the face. Although defendant stated that she did not hit or strike anyone and did not resist, all conflicts in the evidence are resolved in favor of the prosecution. *Kosik*, 303 Mich App at 151. Sufficient evidence was also presented to convict defendant of assaulting, resisting, or obstructing

---

[1] In her brief on appeal, defendant states that she was convicted of assaulting Baxendale, and assaulting, resisting, or obstructing Gregory. However, our review of the record reflects that the trial court found that defendant assaulted Gregory in a place of confinement and obstructed Baxendale.

Baxendale. Gregory and Baxendale forced defendant on to the ground and into handcuffs, after which defendant continued to struggle with the officers, despite the fact that she was told to stop resisting. Defendant, an off-duty police officer, was in a cell block at the police station, surrounded by uniformed police officers and Baxendale, who was wearing blue police pants. Circumstantial evidence and reasonable inferences can constitute satisfactory proof of the elements of the crime. *Kanaan*, 278 Mich App at 619. The facts and circumstances showed that defendant knew or had reason to know that Baxendale was a police officer, and that she resisted and obstructed Baxendale from performing his duties. See *Corr*, 287 Mich App at 503. For these reasons, there was sufficient evidence presented to convict defendant of assaulting a prison employee and assaulting, resisting, or obstructing a police officer.

Second, we address defendant's conviction of operating a vehicle with a high BAC. "A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated." *City of Plymouth v Longeway*, 296 Mich App 1, 5; 818 NW2d 419 (2012), quoting MCL 257.625(1) (emphasis omitted). "Operating while intoxicated" means "the person has an alcohol content of 0.17 grams or more per 100 milliliters of blood, per 210 liters of breath or per 67 milliliters of urine." MCL 257.625(1)(c).

Defendant was driving her vehicle on Livernois, on her way home from a bar, when she was rear ended by another vehicle. Defendant admitted to previously drinking alcohol earlier in the day. According to Gregory, who was the responding officer, defendant appeared "dazed and confused" and did not realize she had been in an accident. Defendant's speech was slurred and her eyes were bloodshot and glossy. Defendant failed a field sobriety test. Detroit Police Officer Mark Greenhow administered two breathalyzer tests and the results of the breathalyzer tests revealed that defendant had an alcohol content of .22 grams of alcohol per 210 liters of breath. Additionally, the results from a blood draw indicated that defendant's alcohol content was .16 grams of alcohol per 100 milliliters of blood six hours after the car accident. The fact that defendant's alcohol content was .16 grams of alcohol per 100 milliliters of blood six hours after she was driving her car creates a reasonable inference that defendant had an alcohol content at or above .17 grams of alcohol per 100 milliliters of blood while she was driving her car. Circumstantial evidence and reasonable inferences can constitute satisfactory proof of the elements of the crime. *Kanaan*, 278 Mich App at 619. Defendant asserts that there was a break in the chain of custody regarding defendant's blood test that called into question the veracity of the evidence. However, breaks in the chain of evidence go to the weight of the evidence, *People v White*, 208 Mich App 126, 130-132; 527 NW2d 34 (1994), and this Court will not interfere with the factfinder's role of determining the weight of evidence or the credibility of witnesses, *Eisen*, 296 Mich App at 331. For these reasons, we hold that, when viewed in the light most favorable to the prosecution, a rational trier of fact could convict defendant of operating with a high BAC.

In her brief, defendant argues that the toxicology report from her blood test was improperly admitted into evidence at trial. Defendant includes this discussion under her

sufficiency argument, and does not include a separate question presented or sufficient support for her assertions.[2] Defendant does not even provide the standard of review for evidentiary errors. Regardless of these failings, we hold that defendant's claim lacks merit. The trial court found that the prosecutor provided notice of intent to use a technician report, required by MCR 6.202, despite defendant's assertions to the contrary. The prosecutor filed a notice of intent on July 1, 2013, along with a proof of service, both of which are included in the lower court record. At trial, defense counsel only said, "I don't know that I ever saw the report, Judge." The court admitted the report, holding that defendant did receive the notice and failed to object, so defendant's authenticity arguments would go to the weight of the evidence.[3] Based on the record evidence, we hold that the trial court did not abuse its discretion in admitting the toxicology report pursuant to MCR 6.202. See *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). Accordingly, the trial court also did not abuse its discretion in refusing to adjourn the trial to allow for the testimony of an expert witness. MCR 6.202(3), (4).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell

---

[2] Ordinarily, no issue will be considered that is not set forth in the statement of questions presented. *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009). The appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority. *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009).

[3] The crux of defendant's evidentiary concern with the report was that the report did not specify how the preparer ascertained that the blood vials belonged to defendant. We note that the report stated that defendant was the subject, and another exhibit revealed that the vials were marked with defendant's name. A reasonable inference could be drawn from the exhibits that the preparer obtained the subject's name from the vial.