## PEOPLE v COLLINS

Docket No. 86418. Submitted November 5, 1986, at Lansing. Decided March 16, 1987.

Linda F. Collins was convicted following a jury trial in Washtenaw Circuit Court of a charge of delivery, circulation or sale of a wrongly held or obtained credit card. Defendant was thereafter tried and convicted by the trial court, Edward D. Deake, J., of being a third-felony offender. Defendant was sentenced on the underlying conviction to from two to four years imprisonment. Subsequently, that sentence was vacated and defendant was sentenced as a third-felony offender to a term of from three to eight years imprisonment. Defendant appeals.

The Court of Appeals *held:*

1. The credit card involved in this offense was issued pursuant to solicitation from one whom the issuer believed to be Theresa Holland. Thus, Holland was a "cardholder" pursuant to MCL 750.157m(b); MSA 28.354(13)(b) and defendant can be convicted under MCL 750.157q; MSA 28.354(16).

2. The alleged error of the trial court in failing to instruct sua sponte the jury as to the definition of a cardholder did not result in a miscarriage of justice. The unobjected to alleged error is deemed waived.

Affirmed.

1. CRIMINAL LAW — CREDIT CARDS.

The use of a credit card obtained or held under circumstances constituting an offense under the statutes proscribing stealing, knowingly taking, retaining or secreting a credit card without

REFERENCES

Am Jur 2d, Appeal and Error §§ 623, 891.

Am Jur 2d, Letters of Credit, and Credit Cards §§ 1 *et seq.;* 38, 40, 41.

What constitutes violation of § 134 of Consumer Credit Protection Act (15 USCS § 1644), prohibiting fraudulent use of credit card. 72 ALR Fed 65.

Criminal liability for unauthorized use of credit card. 24 ALR3d 986.

See also the annotations in the Index to Annotations under Appeal and Error.

the consent of the cardholder and proscribing the possession, control or receipt of a credit card with the intent to circulate, sell, procure or permit the use, delivery, circulation or sale while knowing that the possession, control or receipt is without the consent of the cardholder is a felony (MCL 750.157n, 750.157p, 750.157q; MSA 28.354[14], 28.354[15], 28.354[16]).

2. CRIMINAL LAW — CREDIT CARDS — WORDS AND PHRASES — CARD-HOLDER.

The term "cardholder" as used in the statutes delineating certain crimes involving credit cards means: (1) the person or organization who requests a credit card and to whom or for whose benefit a credit card is subsequently issued; or (2) the person or organization to whom a credit card was issued and who uses a credit card, whether the issuance of the credit card was requested or not (MCL 750.157m[b]; MSA 28.354[13][b]).

3. CRIMINAL LAW — CREDIT CARDS.

The act which delineates certain crimes involving credit cards is designed to, protect both the issuer and the person in whose name a card is issued; the act provides that protection where a card is deemed requested anytime it is issued pursuant to solicitation; the Legislature did not intend to exclude from the act's operation fraudulent users who obtain unrequested cards before the real owner has used the card (MCL 750.157m[b][1]; MSA 28.354[13][b][1]).

4. APPEAL — PRESERVING QUESTION — JURY INSTRUCTIONS.

Alleged errors in jury instructions are deemed waived, absent an objection thereto in the trial court, unless a miscarriage of justice results.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Manuel James J. Lentine,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and P. J. CLULO,* JJ.

PER CURIAM. Defendant was convicted by a jury

* Circuit judge, sitting on the Court of Appeals by assignment.

on February 5, 1985, of the charge of delivery, circulation or sale of a wrongly held or obtained credit card. MCL 750.157q; MSA 28.354(16). Thereafter, she was tried and convicted by the court of being a third-felony offender. MCL 769.11; MSA 28.1083. Defendant was sentenced on April 18, 1985, to from two to four years imprisonment on the underlying conviction. The sentencing was then vacated and defendant was sentenced as a third-felony offender to a term of from three to eight years in prison. Defendant appeals as of right.

On August 3, 1984, defendant and a companion, Diane Vinston, purchased clothing, jewelry and food at the Hudson's store in the Ann Arbor Briarwood Mall. They used credit cards issued in the names of Theresa Holland and Linda Rogers. Further, they had the drivers licenses of these individuals which they provided to salespersons as identification.

Theresa Holland testified that she lost her driver's license in May of 1985, shortly before she moved. She was not receiving her mail for an extended period. When she did receive it on July 30, 1985, she had a number of charge card bills from various stores. She testified that she had never applied for a charge card and that she had never authorized anyone to apply for a charge card in her name. Further, she testified that she knew Vinston from high school and that she had met defendant through Vinston.

Defendant's main ground for appeal is that her alleged wrongful conduct concerning the credit card issued in the name of Theresa Holland does not fall within the parameters of the statute. Defendant claims Theresa Holland was not a "cardholder" as defined by MCL 750.157m(b); MSA

28.354(13)(b) and therefore defendant cannot be convicted under the statute. We disagree.

MCL 750.157q; MSA 28.354(16) proscribes and renders felonious the use of a credit card obtained or held under circumstances constituting an offense under MCL 750.157n; MSA 28.354(14) or MCL 750.157p; MSA 28.354(15). Sections 157n and 157p proscribe stealing, knowingly taking, retaining or secreting a credit card without the consent of the cardholder, and the possession, control or receipt of a credit card with the intent to circulate, sell, procure or permit the use, delivery, circulation or sale while knowing that the possession, control or receipt is without the consent of the cardholder.

The term cardholder is defined by MCL 750.157m(b); MSA 28.354(13)(b):

"Cardholder" means (1) the person or organization who requests a credit card and to whom or for whose benefit a credit card is subsequently issued; or (2) the person or organization to whom a credit card was issued and who uses a credit card, whether the issuance of the credit card was requested or not.

Because Holland's own testimony established that (1) Holland never personally requested the credit card, and (2) Holland never used the credit card, defendant claims she did not wrongfully use a credit card of the cardholder. In our opinion, defendant construes the statute far too narrowly. The statute is designed to protect both the issuer and the person in whose name a card is issued. Subsection (1) of MCL 750.157m(b); MSA 28.354(13)(b) provides that protection if a card is deemed "requested" anytime it is issued pursuant to solicitation. In the instant case, the credit card was issued pursuant to solicitation from one whom

the issuer believed to be Theresa Holland. Construed in this manner, Holland was a cardholder. Construed narrowly, as defendant urges, the statute affords no protection to the real cardholder or to the issuer where persons representing themselves to be someone else request and receive a credit card. We do not believe the Legislature intended to exclude from the act's operation fraudulent users who obtained unrequested cards before the real owner has used the card.

Defendant also contends the trial court erred when it did not sua sponte instruct the jury as to the definition of cardholder. Defendant made no request for the instruction and did not object when instructions were given. In the absence of an objection, alleged errors in jury instructions are deemed waived unless a miscarriage of justice results. *People v Trammell*, 70 Mich App 351, 354; 247 NW2d 311 (1976); *People v Vicuna*, 141 Mich App 486, 492; 367 NW2d 887 (1985). Given the construction of the statute set forth in our discussion of issue I, manifest injustice does not occur from omission of the cardholder instructions. CJI 30:1:01. The instructions given by the court parallel the statute and Holland was clearly a cardholder. Thus, defendant would gain no benefit by an instruction on who is a cardholder.

Affirmed.