## PEOPLE v ANDERSON

Docket No. 256206. Submitted October 6, 2005, at Marquette. Decided October 13, 2005, at 9:10 a.m.

Ginger L. Anderson was convicted by a jury in the Grand Traverse Circuit Court, Philip E. Rodgers, Jr., J., of two counts of knowingly using a financial transaction device (a credit card) without the consent of the deviceholder, MCL 750.157n(1). The defendant appealed.

The Court of Appeals *held*:

There was insufficient evidence to support the defendant's convictions. Because the defendant was a "deviceholder" as defined in MCL 750.157m(d)(*ii*), she cannot be guilty of using the credit card without the deviceholder's consent under the plain meaning of MCL 750.157n(1). The defendant's employer requested that the credit card be issued on its business account to the defendant in her name and that of the employer, in the same manner that the employer requested credit cards for all its employees. The credit card was given to the defendant for her to use on behalf of the employer. While the defendant used the credit card in an unauthorized manner, she nonetheless met the definition of a "deviceholder" and was capable of giving consent to the use of the credit card. MCL 750.157n(1) does not apply to a deviceholder.

Reversed.

CRIMINAL LAW — FINANCIAL TRANSACTION DEVICES — DEVICEHOLDERS.

An employee issued a credit card in his or her name on the employer's business account at the employer's request is a "deviceholder" and cannot be guilty of knowingly using that financial transaction device without the deviceholder's consent, even if the employee uses the credit card outside the scope of the authority granted by the employer (MCL 750.157m[d][*ii*], 750.157n[1]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis LaBelle*, Prosecuting Attorney, and *James L. Pappas*, Assistant Prosecuting Attorney, for the people.

*Patrick K. Ehlmann* for the defendant.

Before: O'CONNELL, P.J., and SAWYER and MURPHY, JJ.

SAWYER, J. We are asked in this case to resolve the question whether an employee who is issued a credit card on the employer's account can be guilty of knowingly using a financial transaction device without the consent of the deviceholder[1] where the employee uses the credit card outside the scope of the authority granted by the employer. We hold that where an employer has a business credit card account and requests that a credit card for that account be issued in the employee's name, that employee is a "deviceholder" and, therefore, cannot be guilty of violating MCL 750.157n(1). Accordingly, we reverse defendant's convictions of two counts of violating MCL 750.157n(1).

Defendant was employed by the Land Information Access Association (LIAA) as a bookkeeper. At the time of her employment, defendant was a student at Northwestern Michigan College, seeking a degree in bookkeeping. LIAA's executive director, Joseph Vandermuellen, testified that LIAA had a Visa credit card account and that Visa cards would be obtained for each employee with the name of LIAA and of the individual employee embossed on the card. Each employee was authorized to make purchases on behalf of LIAA of up to $50 at their own discretion and could make transactions over $50 if authorized by Vandermuellen. After Vandermuellen hired defendant, a card was issued in defendant's name at LIAA's request. Vandermuellen testified that he explained the policy to defendant. Nevertheless, approximately two months after she was hired, defendant made three unauthorized purchases

---

[1] MCL 750.157n(1).

with the Visa card. Two transactions, for $105.95 and $211.95, were for purchases from Northwestern Michigan College's bookstore and a third transaction, for $578.50, was for a tuition payment at Northwestern Michigan. After these transactions were discovered, defendant's employment was terminated and the criminal charges were filed.

On appeal, defendant argues that there was insufficient evidence to support her convictions because the statute requires that the use of the financial transaction device be without the consent of the deviceholder and, because she was a deviceholder, the use was with her consent. We agree and reverse defendant's convictions.

We review challenges to the sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecutor and determining whether a rational trier of fact could find guilt beyond a reasonable doubt.[2] We review de novo the question of the proper interpretation of the statute.[3]

Defendant was convicted of violating MCL 750.157n(1), which provides as follows:

> A person who steals, knowingly takes, or knowingly removes a financial transaction device from the person or possession of a deviceholder, or who knowingly retains, knowingly possesses, knowingly secrets, or knowingly uses a financial transaction device without the consent of the deviceholder, is guilty of a felony.

Defendant argues that because she is a deviceholder of the credit card at issue, her use was not without consent because she consented to its use. The prosecutor argues

---

[2] *People v Johnson*, 460 Mich 720, 722-723; 597 NW2d 73 (1999).

[3] *People v Maynor*, 470 Mich 289, 294; 683 NW2d 565 (2004).

that defendant does not fit the definition of "device-holder" and, therefore, she is guilty under this statute.

MCL 750.157m(d) defines "deviceholder" as follows:

"Deviceholder" means either of the following:

(i) The person or organization who requests a financial transaction device and to whom or for whose benefit a financial transaction device is subsequently issued.

(ii) The person or organization to whom a financial transaction device was issued and who used or accepted a financial transaction device, whether the issuance of the financial transaction device was requested or not.

Because defendant did not request the issuance of the card, she does not fit the first definition of "device-holder." But we agree with defendant that she fits the second definition of "deviceholder." The Visa card was issued to her. It had her name on it and it was specifically issued for the purpose of being given to defendant for her use. Thereafter, she used it. Therefore, it meets the requirements of MCL 750.157m(d)(ii) that the financial transaction device be issued to her and be used by her, thus bringing defendant within the definition of "deviceholder." And because defendant was a deviceholder, she cannot be guilty of using the card with the consent of the deviceholder because she is the deviceholder, and thus was capable of giving consent to its use.

The prosecutor argues that this definition is inapplicable because the financial transaction device was issued to LIAA, not to defendant. If only LIAA's name appeared on the card and the card was retained by the executive director and given to an employee to use as needed, we might agree with the prosecutor's argument. In such a case, it would be plausible to argue that the card was not issued to defendant. But here, in addition to LIAA's name on the card, defendant's name

also appeared on the card and defendant, apparently like any other LIAA employee, had her own individual card. Either of these facts would indicate that the card was issued to her. With both of those facts, then, it is very clear that she was a deviceholder of the card.

The prosecutor also urges a broad interpretation of MCL 750.157n(1), relying on *People v Collins*.[4] First, we note that there is a certain irony in the prosecutor's argument, because *Collins* dealt with the definition of "cardholder" under a predecessor statute, with this Court rejecting a narrow definition of "cardholder," and the prosecutor in this case urges us to adopt a narrow definition of "deviceholder." Second, we believe that the prosecutor's argument in any event is without merit. In *Collins*, the defendant had obtained the issuance of a credit card in the victim's name without the victim's knowledge and, having previously stolen the victim's driver's license, was able to fraudulently use the card. The defendant argued that she could not be guilty of the use of the credit card without the cardholder's consent because the victim (i.e., the person in whose name the card was issued) had never actually requested or used the card. This Court rejected the argument, noting among other things that it did not believe that the Legislature intended to exclude from the coverage of the statute fraudulent users who had obtained unrequested cards before the real owner had used the card. *Id.* at 512.

We do not believe that *Collins* supports the prosecutor's position in the case at bar. First, where a statute is unambiguous, we apply the statute as written and give the words their plain meaning.[5] Here, MCL 750.157n(1) is unambiguous; the use must be without the consent of

---

[4]  158 Mich App 508; 405 NW2d 182 (1987).

[5]  *Maynor, supra* at 295.

the deviceholder. Because defendant is a deviceholder, under the plain meaning of the statute she cannot be in violation of the statute. There is no basis for giving the statute a broad or narrow interpretation. The interpretation is clear, and we need not delve into what the Legislature's intent may have been. What the Legislature did was write a statute that does not apply to deviceholders. And the definition of "deviceholder" written by the Legislature clearly includes defendant.

Second, we do not necessarily agree with the prosecutor's premise that it is unlikely that the Legislature intended to "exclude from the act's operation users of legally obtained credit cards who then fraudulently use the cards for prohibited purchases." It seems to us that the Legislature may very well have intended precisely that because another crime, embezzlement, applies to this situation. Thus, the Legislature may very well have concluded that nondeviceholders would be charged under MCL 750.157n, while deviceholders who improperly use the card entrusted to them by their employer would be charged with embezzlement. Ultimately we need not reach that question because the prosecutor in this case chose not to charge embezzlement, but instead charged defendant with a financial transaction device offense, which does not apply to these facts. Accordingly, we must conclude that there was insufficient evidence to support defendant's convictions in this case.

Because we conclude that defendant's convictions must be set aside for these reasons, we need not consider defendant's remaining arguments.

Reversed.