*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 23, 2025
1:05 PM

v

No. 366090
Osceola Circuit Court
LC No. 2022-006118-FH

DAMIAN DIAZ,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of assault with a dangerous weapon (felonious assault), MCL 750.82(1). He was sentenced as a second-offense habitual offender, MCL 769.10, to serve six months in jail for the felonious-assault conviction, with three months of the jail sentence suspended. We vacate and remand for a new trial.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arose from an altercation between defendant and a coworker of defendant's girlfriend, RB. Cody Smith and Brandon Moe were employees of Patriot Steel Works (Patriot). One evening in April 2022,[1] the employees learned that someone was parked in a vehicle in the company lot. Because employee vehicles had previously been broken into, they[2] went out the side door to investigate. The men testified that defendant left his vehicle and approached them while accusing Moe of having an affair with their coworker RB, defendant's long-term girlfriend and the mother of his four children. They further testified that defendant physically fought with Moe outside of defendant's vehicle and that defendant's children were not present in the car. Eventually, defendant picked up a sharp piece of a fiberglass crate, and the object struck Moe's

---

[1] There was a conflict in the lower court record regarding the exact date and time of the incident. The fight was estimated to have occurred between April 6 and 8, 2022.

[2] Moe later admitted that he did not have a vehicle parked in the lot because it was impounded.

-1-

arm, severing a tendon. The fight ended when additional employees came out to the lot and told defendant to leave. At trial, Moe denied having an affair with RB and Smith testified that he was unaware of a personal relationship between the two.

Defendant testified that his relationship with RB was strained in April 2022, and he learned through the social media website Facebook and text messages that RB was having an affair with Moe.[3] After commuting and working for 13 hours one day, defendant asked RB not to work that evening. RB chose to go into work. Later that evening, defendant claimed that one of the children was bleeding from an incident with the family dog. He contacted RB because he needed her help caring for the other children while seeking medical attention for the injured child. At her direction, defendant drove to Patriot. He waited in his car with the four children[4] when he was approached by Moe and Smith. He began to roll down his window when Moe reached into the window and repeatedly punched him. Defendant testified that he left his vehicle, attempted to lock the children in the car to protect them, and only acted in self-defense. After the fight, RB did not return to the couple's home for one week, leaving defendant to seek help from relatives for childcare. During cross-examination, defendant testified RB did not have any reason to fear him and that he never struck her. Defendant claimed that he contacted the police after the fight as well as Patriot's human resources department. Despite his police report, defendant was charged with the assault upon Moe months later.

RB testified that, in April 2022, the couple's relationship was strained because of a child's serious medical issue, financial difficulties, and her physical affair with Moe. But, at the time of trial, the couple had reconciled, and RB no longer worked at Patriot. In April 2022, defendant asked RB not to go into work, but she did anyway. When defendant called about an injury to one of their children, RB thought it was a ruse to get her to leave work. Initially, RB advised her superior of her intention to leave work. But, four employees offered to go into the parking lot to address the situation. When RB saw the employees split up and leave the building through different exits, she realized that defendant was going to be ambushed. After the men returned to work, RB was party to a conversation in which Moe admitted he punched defendant through the car window and a scuffle occurred in the parking lot. RB testified that she did not go home that evening because she felt guilty, not because she feared defendant.

On cross-examination, the prosecutor questioned RB regarding any fear of defendant and whether defendant had ever hit her. The prosecutor was apparently aware of information that RB had given during police interviews. Nonetheless, before trial, he never filed a notice of intent to admit other-acts evidence under MRE 404(b). On cross-examination by the prosecutor, RB denied that defendant struck her at the time of their April 2022 argument; however, she acknowledged

---

[3] The prosecutor criticized defendant for not providing "any evidence" other than "his testimony" to support the alleged affair. Defendant offered to retrieve the information from his cellular telephone, but it was not admitted at trial. The prosecutor also attempted to exclude any testimony regarding an affair, claiming it was "outside the scope of direct" examination. And, the prosecutor questioned defendant regarding the credibility of other testifying witnesses.

[4] There was a conflict in the testimony addressing the children's presence in the car. Defendant claimed that the children were not visible because of tinted windows.

that in their ten-year relationship they "have had incidents[.]" Defense counsel did not object to this questioning about alleged assaultive behavior by defendant upon RB. And consistent with his questioning of defendant, the prosecutor stated that RB did not have evidence to support her claimed affair with Moe other than her "own assertion." In response, RB testified she conversed with Moe for "hours" while at work, and she created a fake Facebook page using the name "Jamie Martina" to send messages "back and forth with" Moe when they were not at work.

The prosecutor recalled Moe as a rebuttal witness. Moe continued to deny a physical and intimate relationship with RB. Instead, he only acknowledged hugging RB and testified it occurred "after I found out her husband [defendant] was beating her." Defense counsel did not object to the admission of this testimony or move to strike it as hearsay. The jury convicted defendant as charged.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant asserts that he was denied the effective assistance of counsel, who failed to impeach Moe with evidence of the affair, failed to object to impermissible other-acts evidence and seek a mistrial, and the cumulative effect of these errors warrant a new trial. We agree that counsel provided ineffective assistance by failing to object to impermissible other-acts testimony.

Defendant's ineffective-assistance argument is preserved because defendant filed a motion for remand for a *Ginther*[5] hearing in this Court. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Generally, the determination of whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. *Id*. Findings of fact are reviewed for clear error and legal questions are reviewed de novo. *Id*. However, because this Court denied defendant's motion to remand,[6] our review is for errors apparent from the record. *Id*.

Both the United States and Michigan Constitutions guarantee criminal defendants the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; see *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). To establish a claim of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012) (quotation marks and citations omitted). "Reasonable probability means a probability sufficient to undermine confidence in the outcome." *People v Leffew*, 508 Mich 625, 637; 975 NW2d 896 (2022) (quotation marks and citation omitted).

---

[5] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[6] *People v Diaz*, unpublished order of the Court of Appeals, entered April 26, 2024 (Docket No. 366090).

There is a strong presumption that defense counsel provided effective assistance, and the defendant must overcome the presumption that the challenged action might be deemed sound trial strategy. *Strickland*, 466 US at 689. A reviewing court must entertain a range of possible reasons for trial counsel's act or omission. *Vaughn*, 491 Mich at 670. A defense counsel's failure to act does not fall below an objective standard of reasonableness when this Court can "conceive of a legitimate strategic reason" for the act or omission. *People v Clark*, 330 Mich App 392, 427; 948 NW2d 604 (2019).

Generally, all relevant evidence is admissible. MRE 402. However, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1).[7] This Court has stated that,

> [f]or evidence of other crimes, wrongs, or acts to be admissible under MRE 404(b)(1), the proponent of the evidence must show three things: (1) that the other acts evidence is for a proper purpose (other than to show character and action in conformity therewith), (2) that the evidence is relevant to an issue of fact that is of consequence at trial, and (3) that, under MRE 403, the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. [*People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009).]

In a criminal case, notice is required that the prosecution intends to offer other-acts evidence at trial. MRE 404(b)(2).

As an initial matter, trial counsel's performance was deficient when he did not object to the prosecutor's failure to provide advance notice of the intent to admit other-acts evidence or demonstrate good cause for failing to provide such notice. The record does not reflect any discernable strategic reason for failing to do so. Failure to provide pretrial notice is a plain error because the court rule unambiguously requires notice before the prosecutor may introduce the other-acts evidence. *People v Hawkins*, 245 Mich App 439, 453; 628 NW2d 105 (2001). In this case, it was objectively unreasonable for counsel to fail to object to the lack of notice because this meant the trial court did not determine the admissibility of the other-acts evidence prior to the testimony.

Trial counsel also failed to object to the other-acts evidence when the testimony occurred. We cannot attribute trial counsel's failure to object to strategy. If a decision is not sound or reasonable then counsel has not provided effective assistance. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). A defendant must overcome the strong presumption that a decision to not object was a strategic choice. See *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008).

---

[7] The Michigan Rules of Evidence were amended effective January 1, 2024. Our citation is to the rules in effect at the time of defendant's jury trial.

The prosecution did not provide notice of intent to introduce evidence of domestic violence by defendant against RB despite the charge of felonious assault, and made the following inquiry of RB at trial:

*Q*. He said that he's never used physically [sic] violence on you. Is that true?

*A*. That's fair, yes.

*Q*. He's never hit you?

*A*. No, sir.

*Q*. Okay. Do you know how many officers you've told that this individual has struck you on numerous times?

\* \* \*

*Q*. So you said you were afraid of him and had hit you in the past, right?

*A*. Not during this incident.

*Q*. Okay. But he's hit you in the past, right?

*A*. Over a ten year period we have had incidents, yes.

*Q*. Okay. So he has physically struck you. Ergo that's kind of why you were afraid he was coming there when he was all angry; is that fair?

*A*. No.

Earlier when the prosecutor was questioning her, RB even objected, albeit informally, to this type of inquiry. Specifically, after the prosecutor attempted to exclude any testimony addressing RB's affair with Moe, RB challenged the prosecutor's questions seeking to admit acts of domestic violence between RB and defendant. She stated, "So if this separate issue leading up to this case are not allowed, how are the separate issues that are not involved in this case allowed. It's basically trying to sway the jury to feel some type of way instead of sticking to the case at hand." In this case, there is no reasonable basis for counsel's decision to fail to object to the prosecution's introduction of prejudicial other-acts evidence.

On appeal, the prosecution contends that the evidence was offered for the proper purpose of rebuttal because defendant asserted he had not hit RB in the past. However, a prosecutor may not create an issue for rebuttal by eliciting a denial on cross-examination of a defense witness. *People v Figgures*, 451 Mich 390, 401; 547 NW2d 673 (1996). During the jury trial, the prosecutor first asked if defendant had ever hit RB during cross-examination.

The prosecution also argues that the other-acts evidence was admissible because it was evidence of defendant's motive and it allowed the jury to assess RB's credibility. The prosecution had the burden of establishing a proper reason for admitting the other-acts evidence. *People v*

*Felton*, 326 Mich App 412, 426; 928 NW2d 307 (2018). A permissible purpose of offering other-acts evidence is to establish proof of motive. See *People v Wolfe*, 440 Mich 508, 524; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992); MRE 404(b)(1). Further, evidence that affects the credibility of a witness is relevant. *People v King*, 297 Mich App 465, 476-477; 824 NW2d 258 (2012).

However, the prosecution does not address the third element of determining whether other-acts evidence is admissible. To be admissible under MRE 404(b), the proponent of the evidence must also show that "under MRE 403, the danger of unfair prejudice does not substantially outweigh the probative value of the evidence." *Steele*, 283 Mich App at 479. This case is similar to *Felton*, 326 Mich App at 429-430, in which this Court concluded the probative value of the other-acts testimony was substantially outweighed by unfair prejudice to the defendant when the prosecution used other-acts evidence in his closing argument to appeal to the jury to use the other-acts evidence for propensity purposes.

Here, the prosecutor in his closing argument referred back to this other-acts evidence by stating, "as it's been testified to, yeah, he was an abusive guy. He hit [RB] but not on that day. Many other times." The prosecution's use of the other-acts evidence was impermissible. Accordingly, defense counsel's objection to this evidence would not have been futile.

Further, trial counsel may reasonably choose to not object to an impermissible comment to not draw attention to the comment. *Unger*, 278 Mich App at 242. However, this was not an isolated comment but a lengthy line of questioning. The failure to object in this instance could not be deemed reasonable trial strategy.

But for trial counsel's deficient performance there was a reasonable probability of a different outcome. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694. The admission of the other-acts evidence is prejudicial because the jury may make the impermissible inference that the defendant has the propensity to assault people, so he must be guilty in this case. See *People v Crawford*, 458 Mich 376, 398-399; 582 NW2d 785 (1998). The prejudice from other-acts evidence can change the outcome of a trial involving a credibility contest. *People v Ullah*, 216 Mich App 669, 685-686; 550 NW2d 568 (1996). However, a curative jury instruction can cushion the prejudicial effect of other-acts evidence. *Crawford*, 458 Mich at 385.

This case presented a classic credibility contest. Without this other-acts evidence, there is a reasonable probability that a different outcome would have occurred because the prejudice from other-acts evidence can change the outcome of a trial involving credibility. Further, in this case, because defense counsel did not object to the evidence, no curative jury instruction was provided to alleviate the prejudicial effect of the evidence. Under these circumstances, defense counsel's performance was objectively unreasonable when he failed to object to admission of other-acts evidence, and but for this deficient performance, there is a reasonable probability that a different

outcome would have occurred. In light of this conclusion, we need not reach defendant's remaining arguments. See *People v Anderson*, 268 Mich App 410, 415; 706 NW2d 889 (2005).[8]

We vacate defendant's conviction and remand for a new trial. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace

---

[8] We note that defendant also alleged that defense counsel was ineffective for failing to impeach Moe's testimony that he did not have an intimate relationship with RB. To demonstrate entitlement to an evidentiary hearing on this issue, defendant presented text messages purportedly between Moe and RB and a call log with Moe's name. An accompanying affidavit from RB addressing the phone numbers and the content was not submitted. The text messages contained no specific details evidencing an affair. At trial, both defendant and RB indicated that there was Facebook content that demonstrated the affair between Moe and RB, but it was not part of defendant's offer of proof. See MCR 7.211(C)(1)(a). We presume that defendant will address this issue on retrial.