PEOPLE v CLAY (ON REMAND)

Docket No. 211768. Submitted March 19, 2001, at Grand Rapids. Decided
        August 31, 2001, at 9:15 A.M.

    Jerry Clay was arrested for carrying a concealed weapon and, while
        being processed for that offense in the county jail, assaulted a dep-
        uty. He was convicted by a jury in the Kent Circuit Court, H. David
        Soet, J., of assault of a corrections officer and being a fourth-
        offense habitual offender. The defendant appealed, and the Court
        of Appeals affirmed in an unpublished opinion per curiam, issued
        January 21, 1997 (Docket No. 183102). In a separate jury trial in the
        Kent Circuit Court, H. David Soet, J., the defendant was convicted
        of carrying a concealed weapon and being a fourth-offense habitual
        offender. He appealed, and the Court of Appeals reversed and
        remanded in an unpublished opinion per curiam, issued April 11,
        1997 (Docket No. 183101), finding that the police did not have
        probable cause to arrest the defendant and, therefore, the trial
        court erred in denying the defendant's motion to suppress the evi-
        dence (the weapon). The defendant thereafter filed a motion for
        relief from judgment in the trial court, arguing that because his
        arrest for carrying a concealed weapon had been deemed unlawful,
        he was not "lawfully imprisoned" at the time he assaulted the cor-
        rections officer and, therefore, the conviction of assault of a cor-
        rections officer should be set aside. The court denied the motion.
        The Court of Appeals, HOOD, P.J., and FITZGERALD, J. (HOLBROOK, JR.,
        J., dissenting), affirmed, holding that the statute under which the
        defendant was convicted, MCL 750.197c, does not require that a
        defendant was "lawfully imprisoned" when the defendant is
        charged with assaulting a corrections officer while the defendant
        was awaiting examination, as in the present case. The Supreme
        Court granted the defendant leave to appeal limited to the issue
        whether the Court of Appeals correctly interpreted the require-
        ments of MCL 750.197c. 463 Mich 906 (2000). The prosecutor, in a
        brief filed with the Supreme Court, conceded that the dissenting
        judge in the Court of Appeals correctly construed MCL 750.197c as
        requiring proof that a person charged under the statute was "law-
        fully imprisoned." The Supreme Court agreed with the prosecutor
        and remanded the case to the Court of Appeals for a determination

whether the defendant was "lawfully imprisoned." 463 Mich 971 (2001).

On remand, the Court of Appeals *held*:

The defendant was not lawfully imprisoned because the arrest that led to his confinement was unlawful. There was no evidence that the police, at the time they stopped the defendant, were aware that there was an outstanding bench warrant for the defendant's arrest or that he was carrying a concealed weapon.

Reversed.

SEARCHES AND SEIZURES — LAWFULNESS.

A search is either lawful or unlawful at the time of its commencement, and its character does not change on the basis of its success in turning up evidence of crime.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for the defendant on appeal.

ON REMAND

Before: HOOD, P.J., and HOLBROOK, Jr., and FITZGERALD, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court. On original submission, over a dissent by Judge HOLBROOK, we affirmed the trial court's denial of defendant's motion for relief from judgment, *People v Clay*, 239 Mich App 365; 608 NW2d 76 (2000), by concluding that the Legislature did not intend to require that the prosecution prove that a defendant was "lawfully imprisoned" when he was charged with assaulting a corrections officer while awaiting examination. The dissent concluded that this statutory construction was incorrect and that

defendant's arrest was not authorized by law. The Supreme Court granted the defendant leave to appeal. 463 Mich 906 (2000). The prosecutor agreed with defendant that the majority's construction of the statute was incorrect. The Supreme Court agreed and remanded the case for a determination regarding lawful imprisonment. *People v Clay*, 463 Mich 971 (2001). Accepting lawful imprisonment as a requirement of the offense, we adopt the reasoning in Judge Holbrook's dissent that defendant was not lawfully imprisoned. Consequently, we reverse the trial court's denial of defendant's motion for relief from judgment.

The prosecution argues that defendant's incarceration was lawful because he had committed the crime of carrying a concealed weapon and there was an outstanding bench warrant for defendant's arrest when he was stopped. However, there is no evidence that police were aware of either fact at the time of the stop. The fact that the search of defendant's person led to evidence is irrelevant. A search, in law, is good or bad at the time of commencement, and its character does not change on the basis of its success. *People v LoCicero (After Remand)*, 453 Mich 496, 501; 556 NW2d 498 (1996). The prosecution also argues that defendant essentially failed to preserve entitlement to relief from judgment. However, this argument is outside the scope of the Supreme Court's remand. Nonetheless, we have reviewed the issue and conclude that it is without merit.

Reversed.