**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 30, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                            No. 120024

JERRY CLAY,

    Defendant-Appellee.
_____

**BEFORE THE ENTIRE BENCH**

**AFTER REMAND**

YOUNG, J.

The Court of Appeals reversed the trial court's denial of defendant's motion for relief from judgment on the ground that defendant was not "lawfully imprisoned" as contemplated by MCL 750.197c. We reverse.

## I. Background

Defendant was stopped by the police for allegedly trespassing, failing to obey a police officer, and assisting in a traffic violation. After the stop, the police discovered

that defendant was carrying a concealed weapon without a permit in violation of MCL 750.227. As a result, defendant was placed under arrest and taken to the county jail.

While at the county jail, defendant assaulted a law enforcement officer. Consequently, defendant was charged with assaulting a corrections officer, MCL 750.197c, and being an habitual offender, fourth offense, MCL 769.12. Defendant was convicted of these offenses at trial and his convictions were affirmed by the Court of Appeals.[1] Defendant's application for leave to appeal was denied by this Court.[2]

In separate proceedings, defendant was convicted of unlawfully carrying a concealed weapon, MCL 750.227, and being an habitual offender, fourth offense, MCL 769.12, for the events that had led to his arrest and imprisonment in the first place. However, these convictions were reversed by the Court of Appeals[3] because there was insufficient probable cause to initially stop defendant for trespassing, failing to obey a police officer, or assisting in a traffic violation. Accordingly, the Court of Appeals held that evidence of the concealed weapon subsequently discovered should have been

---

[1]Unpublished opinion per curiam, issued January 21, 1997 (Docket No. 183102).

[2]456 Mich 888 (1997)(Docket No. 108578).

[3]Unpublished opinion per curiam, issued April 11, 1997 (Docket No. 183101).

suppressed under the exclusionary rule. Plaintiff's application for leave to appeal was denied by this Court.[4]

Armed with the reversal of his concealed-weapon conviction, defendant filed a motion for relief from judgment for his conviction of assaulting a corrections officer under MCL 750.197c. Defendant argued that § 197c requires one to be "lawfully imprisoned" and that the reversal of the concealed-weapon conviction because of the unconstitutional initial stop and subsequent search meant that defendant had not been "lawfully imprisoned" at the time he struck the officer in the county jail. The trial court denied the motion on alternate bases. First, the trial court held that the arrest was valid for purposes of § 197c because an outstanding bench warrant for defendant's arrest existed at the time of his detention.[5] Second, the trial court reasoned that a subsequent finding that there was insufficient probable cause to arrest does not render an arrest unlawful for purposes of § 197c.

The Court of Appeals affirmed, but on different grounds from the trial court.[6] The Court of Appeals majority held that the text of § 197c does not necessarily require a

_____

[4]456 Mich 876 (1997) (Docket No. 109947).

[5]Given our disposition of this case, we need not address the prosecution's appellate argument regarding the propriety of the trial court's bench warrant rationale.

[6]239 Mich App 365, 369; 608 NW2d 76 (2000).

3

defendant to be "lawfully imprisoned." The dissenting judge, on the other hand, read the statute such that the phrases "lawfully imprisoned" in the statute collectively applied to all the subclassifications listed in the statute.

After this Court granted defendant leave to appeal in order to consider whether the Court of Appeals majority properly interpreted the requirements of § 197c,[7] the prosecution conceded that the Court of Appeals dissent correctly construed the statute. That is, § 197c requires under all circumstances that the defendant be "lawfully imprisoned" in order to be convicted of violating the statute. We concurred with the prosecution's concession that the Court of Appeals dissent correctly stated the requirements of § 197c and, in a summary disposition order, reversed the judgment of the Court of Appeals and remanded the case to that Court to decide whether the defendant's imprisonment was, in fact, lawful.[8]

On remand, the Court of Appeals reversed the trial court's denial of defendant's motion for relief from judgment, adopting the reasoning of the previous dissenting opinion that defendant was not lawfully imprisoned.[9] The Court wrote:

---

[7]463 Mich 906 (2000).

[8]463 Mich 970 (2001).

[9]247 Mich App 322, 323-324; 636 NW2d 303 (2001).

4

The prosecution argues that defendant's incarceration was lawful because he had committed the crime of carrying a concealed weapon and there was an outstanding bench warrant for defendant's arrest when he was stopped. However, there is no evidence that police were aware of either fact at the time of the stop. The fact that the search of defendant's person led to evidence is irrelevant. A search, in law, is good or bad at the time of commencement, and its character does not change on the basis of its success. *People v LoCicero (After Remand)*, 453 Mich 496, 501; 556 NW2d 498 (1996). [247 Mich App 322, 324; 636 NW2d 303 (2001).]

We granted the prosecution leave to appeal.[10]

## II. Standard of Review

At issue is the proper interpretation of MCL 750.197c. We review de novo questions of statutory interpretation. *People v Thousand*, 465 Mich 149, 156; 631 NW2d 694 (2001).

## III. Analysis

At the time of the alleged offense,[11] MCL 750.197c provided:

A person *lawfully* imprisoned in a jail, other place of confinement established by law for any term, or *lawfully* imprisoned for any purpose at any other place, including but not limited to hospitals and other health care facilities or awaiting examination, trial, arraignment, sentence, or after sentence awaiting or during transfer to or from a prison, for a crime or offense, or charged with a crime or offense who, without being discharged from

---

[10]466 Mich 860 (2002).

[11]1998 PA 510 inserted a subsection 2 to include public and private youth correctional facilities in the definition of "place of confinement" and independent contractors in the definition of "employee." These later amendments do not appear to alter our analysis of the legal issue before us.

5

the place of confinement, or other *lawful* imprisonment by due process of law, through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony. [Emphasis added.]

The issue presented is whether the reversal of defendant's conviction of the concealed-weapon offense, effectuated by an application of the exclusionary rule, means that defendant was not "lawfully imprisoned" as contemplated by MCL 750.197c.

To say that an action is "lawful" is to say that it is authorized by law. Black's Law Dictionary (6th ed), p 885. In this case, defendant committed, in an officer's presence, the felony of carrying a concealed weapon without a permit. Consequently, defendant was detained pursuant to MCL 764.15(1), which provides:

A peace officer, without a warrant, may arrest a person in any of the following situations:

(a) A felony, misdemeanor, or ordinance violation is committed in the peace officer's presence.

As a result, by the authority granted to him by MCL 764.15(1)(a), the police officer was authorized to imprison defendant. Accordingly, defendant's imprisonment was "lawful" as contemplated by MCL 750.197c.

Defendant advances, nevertheless, that the subsequent

6

suppression of the evidence of the concealed weapon because of the application of the exclusionary rule causes the police officer's conduct to be retroactively considered "unlawful." We disagree. Simply put, for purposes of MCL 750.197c, a subsequent determination concerning a defendant's prosecution cannot and does not serve to retroactively render "unlawful" the actions of a law enforcement officer where those actions are authorized by law.

Rather, for the purposes of MCL 750.197c, an imprisonment cannot be *unlawful* where a law enforcement officer has been given the authority under law to imprison the individual. Because defendant was detained pursuant to the officer's legal authority under MCL 764.15(1)(a), he was "lawfully imprisoned" under MCL 750.197c.[12]

---

[12]To be certain, we note that in concluding in this case (Docket No. 120024) that defendant was lawfully imprisoned as contemplated by MCL 750.197c because of the authority vested in the law enforcement officer by MCL 764.15(1), we are not reconsidering whether in defendant's other case (Docket No. 109947), concerning the underlying charge of unlawfully carrying a concealed weapon, MCL 750.227, the law enforcement officer had probable cause to stop or search defendant or whether the seized evidence should have been suppressed. We already denied leave to appeal in that case, 456 Mich 876 (1997), and regardless, as our analysis above indicates, those issues are not relevant to the issue before us. Accordingly, to the extent that the dissent suggests that an exclusionary rule analysis is relevant to the issue presented, we disagree.

In addition, we find curious the dissent's conclusion that under MCL 764.15(1) and MCL 750.197c an arrest is lawful but an imprisonment following such a lawful arrest is not. Such an interpretation would lead to a mandatory "catch and

7

Conclusion

For these reasons, we reverse the judgment of the Court of Appeals and reinstate the trial court's denial of defendant's motion for relief from judgment.

> Robert P. Young, Jr.
> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Stephen J. Markman

**CAVANAGH, J.**

I concur in the result only.

> Michael F. Cavanagh

---

release" system of law enforcement, whereby criminals may be lawfully "arrested," but not lawfully "imprisoned" until a defendant has the opportunity to have any suppression motions adjudicated. The statutes at issue simply do not permit such an interpretation.

Further, we fail to find any logic in the dissent's position that statutorily permitting police officers to arrest and hold an individual seen committing a crime under MCL 764.15(1), before a determination of the constitutionality of such an arrest through subsequent judicial process, somehow "sanctions, even encourages, illegal conduct by police officers." *Post* at 1. Under this "encouraged behavior theory," one must accept that police officers will seek to arrest individuals with the hope that these arrested individuals later assault a police officer while being held, causing significant injury to the police officer, so that the defendant will then be subjected to greater punishment for the assault.

8

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                   No. 120024

JERRY CLAY,

    Defendant-Appellee.

_____

KELLY, J. (*dissenting*).

I respectfully disagree with the majority's conclusion. I believe that a defendant who has been illegally stopped cannot be "lawfully imprisoned" within the meaning of MCL 750.197c. The majority's conclusion to the contrary has no basis in the law. Moreover, it circumvents constitutional protections and sanctions, even encourages, illegal conduct by police officers.

The majority's reasoning is that police officers may arrest a suspect if they observe him committing a felony, although their observation was possible only because of their own illegal activity. Thus, applied to this case, the

majority holds that a later determination that the officers' initial stop of defendant's vehicle was illegal will not render unlawful the imprisonment that followed the stop.

I think the decision is ill-advised.  First, this case implicates the exclusionary rule that the United States Supreme Court fashioned to deter illegal police conduct. *Mapp v Ohio*, 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961); *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).  The protection of the rule is vitiated by a holding that the imprisonment of a suspect can be "lawful," even if the initial stop were constitutionally impermissible.

Under the majority's decision, the police could seize a suspect with neither probable cause nor reasonable suspicion, literally for no legally sanctioned reason, hoping to find evidence of a felony.  If they found such evidence and imprisoned the suspect, the imprisonment would be "lawful." Surely the same rationale that renders the fruit of the poisonous tree inadmissible renders the imprisonment arising from an unconstitutional seizure unlawful.

This is a case where defendant's stop was illegal, lacking probable cause.  As a result, the search that revealed the concealed weapon was also illegal.  However, the majority finds that the imprisonment that was based on the search was legal.  It makes this finding because MCL 764.15(1) gives an

2

officer the right to arrest a person who commits a felony in the officer's presence.  In so ruling, the majority not only discards from consideration the fact that the officer's presence in this case was illegal, it equates lawful arrest with lawful imprisonment.

MCL 764.15(1) makes the arrest lawful.  However, MCL 750.197c, the statute in question, refers not to "lawful arrest," but to "lawful imprisonment."  The police have the legal right to arrest an illegally stopped suspect, for example, to prevent the furtherance of a felony.  But there is no legal basis for a finding that either the evidence seized or the imprisonment of that suspect is "lawful."  The rationale underlying the exclusionary rule would dictate the opposite result.

If the imprisonment were lawful, then could not the police (1) illegally break into someone's home and search it, (2) without a warrant or permission, (3) allege that the owner possessed some kind of contraband, (4) imprison him, and (5) if the owner, feeling wronged, escaped confinement, charge and convict him of prison escape under MCL 750.197c because he was "lawfully imprisoned" when he escaped?

The Legislature has used no language in MCL 750.197c from which one can conclude that it intended such an outrageous result.  Rather, it took pains to specify that, for the

3

statute to apply, the imprisonment must be lawful. The majority's only authority shows that it was lawful to arrest, not that it was lawful to imprison.

The case before us on appeal is not one in which a straightforward application of criminal law as written allows defendant to escape the consequences of his criminal behavior. The prosecutor could have charged defendant with, and presumably seen him convicted of and sentenced for, assault and battery, MCL 750.81, and resisting or obstructing an officer, MCL 750.479. These offenses constitute a ninety-day misdemeanor and a two-year felony, respectively. It is apparent that, here, the prosecutor seeks an extension of the law for the purpose of charging defendant with a more serious crime, a four-year felony under MCL 750.197c.

I believe that a holding that one may be "lawfully" imprisoned under MCL 750.197c after an illegal stop lacks legal authority. Morever, it constitutes a flagrant disregard for the protections of our constitution. If a constitutional violation can be so easily sanitized after the fact, there will be less incentive for police to observe constitutional protections. For those reasons, I would affirm the decision of the Court of Appeals.

Marilyn Kelly

4