668 N.W.2d 904 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Willie Dwight SPANN, Defendant-Appellant.
Docket No. 121630, Calendar No. 234614.
Supreme Court of Michigan.
September 26, 2003.
By order of December 26, 2002, the delayed application for leave to appeal was held in abeyance pending the decisions in Klapp v. United Insurance Group Agency (Docket No. 119175-6), decided June 18, 2003,468 Mich. 459, 663 N.W.2d 447 (2003), and People v. Clay (After Remand) (Docket No. 120024), decided May 30, 2003,468 Mich. 261, 661 N.W.2d 572 (2003). On order of the Court, the opinions having been issued in these cases, the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we AFFIRM the judgment of the Court of Appeals because M.C.L. § 333.7401(3) requires defendant's sentence to be consecutive. This order does *905 not constitute approval of the Court of Appeals determination that the word "imprisonment" in M.C.L. § 333.7401(3) is ambiguous. Undefined statutory terms should be given their plain and ordinary meanings, for which dictionaries may be consulted. Koontz v. Ameritech Services, Inc., 466 Mich. 304, 312, 645 N.W.2d 34 (2002). Further, the Legislature often has used the term "imprisonment" to mean confinement in jail as well as confinement in prison. See M.C.L. § 769.28, M.C.L. § 35.403, M.C.L. § 66.8 and M.C.L. § 430.55. Thus, while declaring the term ambiguous, even the analysis used by the Court of Appeals in this case demonstrated that the statute is not ambiguous.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would deny leave to appeal.