TYSON FOODS, INC v DEPARTMENT OF TREASURY

Docket No. 272929. Submitted March 6, 2007, at Lansing. Decided
September 20, 2007, at 9:00 a.m.

   Tyson Foods, Inc., brought an action in the Court of Claims against the
   Department of Treasury, seeking a refund of taxes, penalties, and
   interest it had paid under protest after the defendant issued more
   than one assessment covering the same tax years. The case arose
   when the defendant discovered that the plaintiff had not filed single
   business tax returns for tax years 1989 through 1996 despite being
   required to do so. The defendant issued an intent to assess the
   plaintiff, accompanied by an estimate of back taxes, interest, and
   penalties that the plaintiff owed and a request that the plaintiff
   submit the tax returns for the years in question. When the plaintiff
   failed to submit the returns, the defendant issued a first final
   assessment of over $373,000 based on available information and
   again instructed the plaintiff to file actual tax returns for 1989
   through 1996. The plaintiff paid the assessed amount without filing
   the requested returns, but included returns for tax years 1997 and
   1998. When the defendant completed an audit dating back to 1989, it
   discovered that the actual amount that the plaintiff owed for tax
   years 1989 through 1996 was over $6 million, including penalties and
   interest. The defendant paid this amount under protest and filed this
   claim to recover it. The court, William E. Collette, J., granted
   summary disposition in the plaintiff's favor after ruling that the
   defendant lacked the statutory authority to reassess the plaintiff's
   single business tax liability after having issued its first final assess-
   ment. The defendant appealed.

      The Court of Appeals *held*:

      The defendant has the statutory authority to issue more than
   one single business tax assessment to a taxpayer for the same tax
   period if necessary to recover all the taxes lawfully owed to the
   state. Administration of the single business tax is governed by the
   revenue act, MCL 205.1 to MCL 205.30, which provides that a
   person who fails to file a return is liable for all taxes due during
   that period and also authorizes the defendant to conduct an audit
   to determine the amount of tax due where a taxpayer fails or
   refuses to file a return as required. Reading these provisions
   together indicates that the Legislature plainly intended to permit

the defendant to issue a second tax assessment to a taxpayer for the same tax period if necessary to collect the entire amount of taxes lawfully due from the taxpayer. Further, the revenue act provides that if the defendant believes, on the basis of the examination of a tax return, a payment, or an audit, that a taxpayer has not satisfied a tax liability, the defendant must determine the tax liability and notify the taxpayer of that determination, indicating that the defendant may issue a second assessment if an audit reveals the initial assessment to be inaccurate.

Reversed.

TAXATION — SINGLE BUSINESS TAX — REVENUE ACT — MULTIPLE ASSESSMENTS.

The Department of Treasury has the statutory authority to issue more than one single business tax assessment to a taxpayer for the same tax period if necessary to recover all the taxes that the taxpayer owes to the state (MCL 205.27a[2], 205.21[1], and 205.23).

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Samuel J. McKim III, Joanne B. Faycurry*, and *Jackie J. Cook*), for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Mark A. Meyer*, Assistant Attorney General, for the defendant.

Before: FORT HOOD, P.J., and WHITE and BORRELLO, JJ.

PER CURIAM. In this action arising under the Single Business Tax Act (SBTA),[1] MCL 208.1 *et seq.*, and the revenue act, MCL 205.1 *et seq.*, defendant Department of Treasury appeals as of right an order granting plaintiff Tyson Foods, Inc.'s, motion for summary disposition under MCR 2.116(C)(10) and ordering defendant to refund plaintiff for single business taxes, penalties, and interest that plaintiff paid under protest. We reverse.

---

[1] The Single Business Tax Act has since been repealed. See 2006 PA 325.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a Delaware corporation that has its main office in Arkansas. Although plaintiff conducts business in the state of Michigan, plaintiff did not submit single business tax returns to defendant for the tax years 1989 through 1996. On January 12, 1998, defendant issued to plaintiff an intent to assess single business taxes, plus penalties and interest, in the amount of $372,884.64, for the tax years 1989 through 1996. This first intent to assess indicated that the total amount of taxes due was $200,000, which was based on an assessment of $25,000 for each of the eight years for which plaintiff failed to submit a tax return, plus $98,750 in penalties and $74,134.64 in interest. In the first intent to assess, defendant noted that plaintiff had not filed tax returns for the years in question. Defendant did not conduct an audit of plaintiff's books or records before issuing the first intent to assess, and the first intent to assess indicated that the assessed amounts for the years in question had been computed from available information. The first intent to assess instructed plaintiff to "file actual returns to adjust this computed liability," but plaintiff did not file the returns as instructed. Thereafter, on February 24, 1998, defendant issued plaintiff a first final assessment for the tax years at issue. The total amount of the first final assessment was $373,873.68, which included $200,000 in single business taxes, plus penalties and interest. Like the first intent to assess, the first final assessment indicated that the taxes assessed had been computed from available information and instructed plaintiff to "file actual returns to adjust this computed liability."

Plaintiff paid the entire amount of taxes, penalties, and interest assessed in the first final assessment for the tax years 1989 through 1996, but never filed the

requested returns for those years. However, plaintiff did file single business tax returns for the 1997 and 1998 tax years. Defendant began the process of auditing plaintiff in March 1999. Initially, the scope of the audit covered the years 1995 through 1999; however, plaintiff consented to expand the scope of the audit to include 1989 through March 1995. The audit revealed that plaintiff's single business tax liability for 1989 through September 1996 greatly exceeded the amount assessed by defendant in the first final assessment and paid by plaintiff. On the basis of information gleaned from the audit, defendant issued plaintiff a second intent to assess on May 17, 2001, for the tax deficiency for the years at issue, plus penalties and interest, in an amount totaling more than $6 million. Plaintiff contested the results of the audit for the years 1989 through 1996 and requested an informal hearing on the matter. The hearing referee recommended that the amount of plaintiff's single business tax liability be imposed as determined in the second intent to assess, reasoning that defendant's second assessment was valid because plaintiff had failed to file returns for the years at issue and the years for which plaintiff failed to file returns were therefore "open for review." Defendant issued an order accepting the hearing referee's recommendation and stating that it would issue a final assessment against plaintiff in the amount determined by defendant in the second intent to assess, plus penalties and interest.

On June 20, 2005, defendant issued plaintiff a second final assessment for the tax years 1989 through 1996,[2] which assessed a $6,316,393.77 tax deficiency against plaintiff. This amount included $2,705,352 in single business taxes, $1,083,970.50 in penalties, and

[2] The second final assessment also included $1,572.94 in interest for 1999, but this amount is not at issue.

$2,527,071.27 in interest. The second final assessment stated: "The deficiency is based on an audit conducted by the Michigan Department of Treasury." Plaintiff paid the entire amount under protest.[3] Thereafter, plaintiff filed a complaint in the Court of Claims, seeking a refund of the taxes, interest, and penalties paid under protest, plus interest. Plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that defendant did not have statutory authority, under either the SBTA or the revenue act, to issue a second single business tax final assessment when defendant had already issued a single business tax assessment for the years at issue, and plaintiff had paid the amount of the original assessment in full. According to plaintiff, the original assessment was final and conclusive, and defendant was therefore precluded from reassessing the tax for that period. The Court of Claims granted plaintiff's motion, ruling that "[d]efendant had no authority to reassess [p]laintiff's Single Business Tax liability under the statutory authority granted to it" and that defendant "must accordingly refund those monies for tax years 1989-1996 [that] [p]laintiff paid under protest."

## II. STANDARD OF REVIEW

This Court's review of a trial court's grant of summary disposition pursuant to MCR 2.116(C)(10) is as follows:

---

[3] To briefly summarize and clarify what occurred procedurally in this case, we observe that plaintiff failed to voluntarily file single business tax returns or pay single business taxes for the years in question. Therefore, in 1998, defendant issued plaintiff the first intent to assess and the first final assessment, which plaintiff paid in full (without filing the requested tax returns). Thereafter, defendant audited plaintiff and discovered that plaintiff had a tax deficiency for the years at issue. Thus, on the basis of information revealed by the audit, defendant issued plaintiff a second intent to assess and second final assessment, which plaintiff paid under protest.

This Court reviews de novo a trial court's grant or denial of summary disposition under MCR 2.116(C)(10). *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion brought under MCR 2.116(C)(10) tests the factual support for a claim. *Downey v Charlevoix Co Rd Comm'rs*, 227 Mich App 621, 625; 576 NW2d 712 (1998). The pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties must be considered by the court when ruling on a motion brought under MCR 2.116(C)(10). *Downey, supra* at 626; MCR 2.116(G)(5). When reviewing a decision on a motion for summary disposition under MCR 2.116(C)(10), this Court "must consider the documentary evidence presented to the trial court 'in the light most favorable to the nonmoving party.' " *DeBrow v Century 21 Great Lakes, Inc (After Remand)*, 463 Mich 534, 539; 620 NW2d 836 (2001), quoting *Harts v Farmers Ins Exchange*, 461 Mich 1, 5; 597 NW2d 47 (1999). A trial court has properly granted a motion for summary disposition under MCR 2.116(C)(10) "if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). [*Clerc v Chippewa Co War Mem Hosp*, 267 Mich App 597, 601; 705 NW2d 703 (2005).]

The proper interpretation of a statutory provision is also a question of law, which this court reviews de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004).

### III. ANALYSIS

Defendant argues that it is authorized by law to impose assessments on single business taxpayers for taxes lawfully owed to the state of Michigan and that it is not limited to issuing only one assessment to a taxpayer for the same tax period. According to defendant, it has statutory authority to issue more than one

single business tax assessment to a taxpayer for the same tax period if necessary to recover all the taxes lawfully owed to the state. Plaintiff, on the other hand, asserts that once defendant has issued a single business tax assessment, it is precluded from issuing a subsequent assessment for the same tax period.

Resolution of this issue requires us to consider and construe various provisions of the revenue act. When addressing a question of statutory construction, this Court must begin by examining the language of the statute. *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 158; 627 NW2d 247 (2001). The primary rule governing the interpretation of statutes is to discern and give effect to the Legislature's intent through reasonable construction in consideration of the purpose of the statute and the object sought to be accomplished. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). If a statute is clear, it must be enforced as plainly written. *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002), aff'd 469 Mich 904 (2003). However, if a statute is susceptible of more than one interpretation, judicial construction is proper to determine legislative intent. *Id.* In determining legislative intent, statutory language must be given a reasonable construction that best accomplishes the purpose of the statute. *Frankenmuth Mut, supra* at 515.

The Department of Treasury is responsible for the collection of taxes. MCL 205.1(1). The state may impose a tax only if the tax is expressly authorized by law. *Molter v Dep't of Treasury*, 443 Mich 537, 543; 505 NW2d 244 (1993). The authority to tax will not be inferred. *Id.* The SBTA requires single business taxpayers to file tax returns and remit tax payments. MCL 208.71; MCL 208.73. The SBTA provides that adminis-

tration of the single business tax is governed by the revenue act, MCL 205.1 to MCL 205.30. MCL 208.80(1). According to the revenue act, MCL 205.21 through MCL 205.30 govern the "procedures of administration, audit, assessment, interest, penalty, and appeal" for all taxes, including the single business tax. MCL 205.20. Therefore, the question is whether the relevant sections of the revenue act permit defendant to issue a second assessment to a corporate taxpayer for the same tax period in order to recover all the single business taxes lawfully owed to the state by the taxpayer. We conclude that they do.

The first section of the revenue act that applies to this case is MCL 205.27a(2), which provides in part that "[a] person who has failed to file a return is liable for all taxes due for the entire period for which the person would be subject to the taxes." In this case, plaintiff failed to voluntarily comply with its obligation to file single business tax returns for the tax years at issue and failed to file returns even when defendant specifically requested that plaintiff file such returns in its first intent to assess and first final assessment. If defendant were not authorized to issue a second assessment upon obtaining information indicating plaintiff's true tax liability, plaintiff would be rewarded for its failure to file tax returns for the years at issue. In essence, not permitting defendant to issue a second assessment would allow plaintiff to evade its single business tax liability, deprive the state of taxes that it is lawfully owed, and render MCL 205.27a(2) nugatory.[4] We must construe statutes reasonably, in a way that best accom-

---

[4] A reviewing court should not interpret a statute in a manner that renders it nugatory. *Apsey v Mem Hosp*, 477 Mich 120, 131; 730 NW2d 695 (2007). A statute is rendered nugatory when an interpretation fails to give it meaning or effect. *Id.*

plishes the purposes of the statute. *Frankenmuth Mut, supra* at 515. The intended purpose of the SBTA is to impose a tax on the privilege of conducting business activity within Michigan. *ANR Pipeline Co v Dep't of Treasury*, 266 Mich App 190, 198; 699 NW2d 707 (2005). If plaintiff were permitted to avoid single business tax liability for the years it failed to file tax returns, this purpose would be defeated. See *Frankenmuth Mut, supra* at 515. Moreover, it would be an injustice and would prejudice the public interest to permit a corporation to benefit from its failure to file tax returns, which, by law, it is obligated to file. *People v Derror (On Reconsideration)*, 268 Mich App 67, 73-74; 706 NW2d 451 (2005), rev'd on other grounds 475 Mich 316 (2006).

In addition to MCL 205.27a(2), MCL 205.21(1) also applies to this case.[5] It provides:

> If a taxpayer fails or refuses to make a return or payment as required, in whole or in part, or if the department has reason to believe that a return made or payment does not supply sufficient information for an accurate determination of the amount of tax due, the department may obtain information on which to base an assessment of the tax. By its duly authorized agents, the department may examine the books, records, and papers and audit the accounts of a person or any other records pertaining to the tax.

Plaintiff failed to voluntarily comply with its obligation to file returns and pay its single business tax obligations for the tax years at issue.[6] Therefore, as authorized by MCL 205.21(1), defendant obtained in-

---

[5] We conclude that MCL 205.21(1) applies to this case because although plaintiff made a payment, it failed to file a return for the years at issue.

[6] MCL 205.27(1)(a) provides that "a person shall not . . . [f]ail or refuse to make a return or payment within the time specified . . . ."

formation (although it did so initially without conducting an audit), determined that plaintiff had a single business tax liability, and issued plaintiff the first intent to assess and the first final assessment of plaintiff's single business tax liability for the years at issue.[7] In fact, had defendant not issued the first intent to assess in 1998, which began the process of defendant's collection of single business taxes that plaintiff lawfully owed to the state, plaintiff likely would have failed to acknowledge its tax liability and continued to avoid paying single business taxes. Although plaintiff paid the entire amount of single business tax assessed by defendant in the first final assessment, including penalties and interest, plaintiff never filed returns for the years at issue, despite the fact that defendant instructed plaintiff to file returns in both the first intent to assess and the first final assessment. Because plaintiff did not file tax returns as requested by defendant and plaintiff's payment in full of the amount assessed in the first final assessment did not supply sufficient information for an accurate determination of the amount of tax due, defendant was authorized under MCL 205.21(1) to examine books, records, papers, and conduct an audit of plaintiff regarding the tax after receiving payment to "obtain information on which to base an assessment of the tax." In this case, defendant obtained further information by conducting an audit as permitted by MCL 205.21(1), discovered that plaintiff had a tax deficiency, and then issued a second intent to assess and second final assessment.

---

[7] MCL 205.24(1) also provides: "If a taxpayer fails or refuses to file a return or pay a tax administered under this act within the time specified, the department, as soon as possible, shall assess the tax against the taxpayer and notify the taxpayer of the amount of the tax. . . ."

We observe that MCL 205.21(1) does not specify the conditions under which payment must be made and, thus, a taxpayer might remit a tax payment either as a result of the taxpayer voluntarily filing a tax return and relinquishing the payment due or as a result of a prior assessment by defendant. Therefore, not only does the language of MCL 205.21(1) not limit defendant to issuing one tax assessment per taxpayer per tax period, but, in a case where a taxpayer remitted payment after receiving an assessment from defendant, plainly contemplates a second assessment if the payment, which in this case was not accompanied by a tax return, does not supply sufficient information regarding the plaintiff's tax liability. Furthermore, we must harmonize the provisions of MCL 205.21(1) and MCL 205.27a(2) to carry out the purpose of the Legislature, *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159-160; 627 NW2d 247 (2001). Reading MCL 205.21(1) together with MCL 205.27a(2), which, as stated above, provides that "[a] person who has failed to file a return is *liable for all taxes due for the entire period* for which the person would be subject to the taxes," we conclude that the Legislature plainly intended to permit defendant to issue a second tax assessment to a taxpayer for the same tax period if necessary for defendant to collect the entire amount of taxes lawfully due from a taxpayer for the tax period at issue.

MCL 205.23(1) also provides authorization for defendant to issue a second single business tax assessment to a corporate taxpayer for the same tax period if necessary for defendant to collect the entire amount of taxes lawfully due from a taxpayer for the tax period at issue. MCL 205.23(1) provides:

> If the department believes, based upon either the examination of a tax return, a payment, or an audit authorized by

this act, that a taxpayer has not satisfied a tax liability or that a claim was excessive, the department shall determine the tax liability and notify the taxpayer of that determination. . . .

Under MCL 205.23(1), if defendant believed, on the basis of *either* the examination of a tax return, *or a payment, or an audit*, that plaintiff had failed to satisfy its tax liability, defendant was authorized to "determine the tax liability and notify the taxpayer of that determination." Like MCL 205.21(1), MCL 205.23(1) does not limit the statute's application to situations in which a taxpayer made a payment voluntarily and without necessitating that defendant issue an assessment. Therefore, MCL 205.23(1) plainly contemplates the possibility that a payment may have been made after a prior assessment, yet the statute still authorizes the department to "determine the tax liability and notify the taxpayer of that determination." Moreover, as noted earlier, reading MCL 205.23(1) in harmony with MCL 205.27a(2), which renders a taxpayer who fails to file a tax return liable for all taxes due for the entire tax period, the Legislature plainly intended to permit defendant to issue a second tax assessment to a taxpayer for the same tax period if necessary for defendant to collect the entire amount of taxes lawfully due from a taxpayer for the tax period at issue.

Citing MCL 205.22(4) and (5), plaintiff argues that its payment of the single business tax issued in the first final assessment constitutes a full and final satisfaction of its single business tax liability for the years at issue. MCL 205.22 provides, in relevant part:

(4) The assessment, decision, or order of the department, if not appealed in accordance with this section, is final and is not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack.

(5) An assessment is final, conclusive, and not subject to further challenge after 90 days after the issuance of the assessment, decision, or order of the department, and a person is not entitled to a refund of any tax, interest, or penalty paid pursuant to an assessment unless the aggrieved person has appealed the assessment in the manner provided by this section.

According to plaintiff, defendant's first final assessment was final and conclusive with respect to both plaintiff and defendant. Defendant suggests that MCL 205.22(4) and (5) only apply to taxpayers, not defendant. We need not determine whether MCL 205.22(4) and (5) apply to both the taxpayer and defendant because even assuming that those provisions apply to both the taxpayer and defendant, they do not preclude defendant from issuing a second single business tax assessment to a corporate taxpayer for the same tax period if necessary for defendant to collect the entire amount of taxes lawfully due for the tax period at issue. MCL 205.22 concerns the finality of an assessment with respect to an appeal and does not address defendant's authority to issue a second single business tax assessment to a corporate taxpayer for the same tax period. MCL 205.22 governs an appeal of an assessment, decision, or order of the department, and nothing in the language of MCL 205.22 refers to a final discharge of liability for a tax period or prevents defendant from issuing a second single business tax assessment to a corporation. This Court will not read anything into a statute that is not within the manifest intent of the Legislature as gleaned from the language of the statute itself, *Universal Underwriters Ins Group v Auto Club Ins Ass'n*, 256 Mich App 541, 544; 666 NW2d 294 (2003), and we will not extract terms from the section of the revenue act dealing with appeals and construe them as precluding defendant from issuing a second assess-

ment when the statute does not specifically preclude such an additional assessment.

Moreover, even if defendant's first final assessment were final and conclusive under MCL 205.22, it would only be final with respect to that specific assessment itself, and not with respect to the taxpayer's total liability for the tax period in question. Thus, while the amounts in that particular assessment would be final and could no longer be challenged, defendant would still have the authority to issue further assessments as necessary to collect the single business tax owed by the corporate taxpayer to the state. We observe that in another portion of the revenue act, MCL 205.19(1), the statute refers to "a final discharge of liability for the tax assessed . . . ." Such language does not appear in MCL 205.22(4) and (5). This provides additional support for the conclusion that the "final" and "conclusive" language of MCL 205.22(4) and (5) does not refer to "a final discharge of liability" and does not preclude defendant from issuing a second single business tax assessment to a corporate taxpayer for a tax period in which defendant has already issued one such tax assessment.

In sum, we conclude that the above-cited provisions of the revenue act provide statutory authority for defendant to issue the second single business tax assessments to plaintiff because plaintiff failed to file tax returns for the tax years at issue and plaintiff's payment of the amounts assessed by defendant in the first assessments did not satisfy plaintiff's single business tax liability for the years in question. Therefore, defendant was authorized under MCL 205.27a(2), MCL 205.21(1), and MCL 205.23(1) to issue a second assessment to plaintiff.[8]

---

[8] We recognize that it is neither good government nor good policy to permit the Department of Treasury to have a seemingly unlimited power

Reversed.

to issue multiple tax assessments to a taxpayer for the same tax period. At some point, a taxpayer is entitled to the security of knowing that its tax liability for a tax period has been discharged or satisfied. In this regard, we note that defendant should have audited plaintiff before issuing the first intent to assess and final assessment in order to ensure that the assessment was based on plaintiff's actual tax liability and not merely speculation. If defendant had made the effort to ascertain a true and accurate assessment of plaintiff's tax liability at the outset, the second intent to assess and final assessment would have been unnecessary. On the other hand, plaintiff's conduct in this case was also deficient in that plaintiff failed to voluntarily comply with its obligation to file its single business tax returns for the years at issue and then ignored defendant's requests that it do so in the first intent to assess and final assessment. Had plaintiff filed such returns, plaintiff may have been able to avail itself of the four-year limitations period for the assessment of tax deficiencies under MCL 205.27a(2). Ultimately, while we acknowledge the possibility of an unfair result under different facts, we believe this result was the intention of the Legislature as articulated in the relevant provisions of the revenue act. If we are incorrect, we urge the Legislature to specifically clarify this issue in the revenue act or the SBTA.